**Eugene FORD, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 36781.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 17, 1976.

Huck, Kasten & LaBeaume, James W. Huck, St. Louis, for movant-appellant.

· John C. Danforth, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

## PER CURIAM.

■ Appellant appeals from the trial court's denial, without an evidentiary hearing, of his motion to vacate judgment and sentence. Rule 27.26, V.A.M.R. He argues that because neither the motion, the files nor the records conclusively showed that he is entitled to no relief, the court should have held a hearing in order to determine whether the proceedings before the juvenile court conformed to prescribed standards. The question for our decision is whether, where no motion to dismiss was filed at trial challenging the waiver hearing conducted by the juvenile court pursuant to § 211.071, RSMo 1969,[1] it is mandatory for the court on a Rule 27.26 motion for post-conviction relief to hold an evidentiary hearing on that issue. We think not and thus affirm the judgment of the trial court.

In December 1969, the juvenile court, after a hearing pursuant to § 211.071 relinquished its jurisdiction over appellant and dismissed the petition therein filed, which permitted the state to proceed against the appellant as an adult. Subsequently, a circuit court petit jury found appellant guilty of the offense charged, and the court sentenced him to life imprisonment. On appeal to the Missouri Supreme Court appellant did not question the propriety of the juvenile's court proceedings, and the court affirmed his conviction. *State v. Ford*, 487 S.W.2d 1 (Mo.1973), cert. den., 411 U.S. 983, 93 S.Ct. 2277, 36 L.Ed.2d 959 (1973).

In the trial court's memorandum, it alluded to Rule 27.26(e), which provides that a

1. All statutory references are to RSMo 1969 unless otherwise stated.

2. Although the court in the *T. J. H.* case held that a motion to dismiss the indictment to be the exclusive remedy, the Missouri Supreme Court in the *State ex rel. T. J. H. v. Bills*, 504 S.W.2d 76 (Mo. Banc 1974) case held prohibition also to be an appropriate remedy to test the propriety of the juvenile

hearing on such motion shall be held unless the motion, the files, and the records of the case conclusively show that the prisoner is not entitled to any relief. The trial court held that the motion presented no question of law or fact which required a hearing because appellant failed to file a motion to dismiss pursuant to Rule 25.06, V.A.M.R., citing in support of its ruling *In re T. J. H.*, 479 S.W.2d 433 (Mo. banc 1972).

*In re T. J. H.* held that an order of the juvenile court dismissing a petition relinquishing jurisdiction to deal with a child under the juvenile code was not a final order from which an appeal could be taken and that the proper method to review the juvenile court's waiver order was by filing a motion to dismiss the indictment in the circuit court.[2] Therefore, since this method of review was available to the movant in Missouri by Rule 25.06, V.A.M.R., the appeal was dismissed. Implicity in the holding in *T. J. H.* is that appellate review is deferred until the primary issue of guilt has been determined by the criminal law. *State ex rel. T. J. H. v. Bills*, 495 S.W.2d 722 (Mo.App.1973), affirmed in *State ex rel. T. J. H. v. Bills*, 504 S.W.2d 76 (Mo. Banc 1974).

To support the court's summary dismissal of appellant's 27.26 motion, the state relies upon *Jefferson v. State*, 442 S.W.2d 6 (Mo. 1969). In *Jefferson*, a juvenile, as is the case herein, contended that his constitutional rights had been violated at a § 211.071 proceedings because the court failed to grant a hearing prior to dismissal of the petition. The court held:

*"He waived any objections he might otherwise have had to the proceedings in the*

court's order if the petition and presumptive proofs showed that the order of the juvenile court waiving jurisdiction was void on its face as a matter of law. As we noted above, however, appellant filed neither a writ of prohibition nor a motion to dismiss the indictment. Nor did appellant raise on appeal the issue of the validity of the proceeding before the juvenile court.

*juvenile court when*, after the appointment of two competent lawyers and the benefit of their advice and counsel, he failed to file a motion in the general criminal division requesting dismissal of the information, or remand to the juvenile division for the conduct of a proper hearing with counsel present and the entry of an order complying with constitutional standards. . . . " (Emphasis added.)

In the *Jefferson* case, however, unlike the instant case, an evidentiary hearing was held.

In *McCrary v. State*, 529 S.W.2d 467 (Mo. App.1975), the defendant appealed an order of the trial court dismissing his Rule 27.26 motion without a hearing. His contention for vacation of judgment was that his conviction for possession of heroin was obtained by a violation of his constitutional rights, namely, his *Miranda* warning rights. We held that, where a defendant made no pretrial, trial or post-trial objection on constitutional grounds to admission of an inculpatory statement, he had made a deliberate bypass of orderly state procedure which precluded him from raising the *Miranda* issue on his 27.26 motion.

In *Fields v. State*, 468 S.W.2d 31 (Mo. 1971), although not factually the same as the instant case, the court held that a defendant on a 27.26 motion, could not raise a constitutional claim where he had deliberately bypassed state procedure by failing to file a motion to suppress or to object on constitutional grounds during the trial or to preserve the issue in his motion for a new trial. Moreover, the *Fields* court approved the ruling set forth in *Henry v. Mississippi*, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). In essence, *Henry* held that a litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the state's insistence on compliance with its procedural rule serves a legitimate state interest.

Valid state interests are served by any rule reasonably calculated to increase efficiency, conserve resources, protect rights or advance any other rational end.[3] Here, Rule 25.06, promulgated by our Supreme Court, not only promotes efficiency but also provides an orderly procedure to review the juvenile court's waiver order. Additionally, observation of our Rule 25.06 conserves the court's limited resources as well as the taxpayers' money, and the time of jurors and witnesses. Furthermore, our Rule 25.06 protects the right of a juvenile to a speedy determination of the validity of the waiver hearing so that if he prevails, he will forthwith be returned to the juvenile court to receive the treatment he may need. To permit movant, after conviction, to assert an alleged constitutional claim for the first time in a collateral attack upon the judgment of conviction does violence to the efficient administration of justice.

In the instant case, the record shows that movant had counsel who was qualified to practice before our courts, and we may presume that counsel was competent, *Hall v. State*, 496 S.W.2d 300 (Mo.App.1973), and was aware of all of our elementary rules of practice. Neither the briefs nor our research discloses any authority which places counsel under an obligation to inform his client of our rules. In fact, counsel seldom does so.[4] Moreover, we assume that movant was aware of his rights from the fact that he was represented by competent counsel. Indeed, if competent counsel is present, it is irrelevant whether movant knew of our forfeiture rule posited in *In re T. J. H.*, supra, since counsel is expected to know of such rules and has the duty to comply with them.[5]

In conclusion, we find that the procedural rules promulgated by our Supreme

---

3. 75 Yale Law Journal 895, 963 (1965–66).

4. Ibid., p. 969.

5. Ibid., p. 969.

Court unquestionably serve a legitimate state interest and promote the efficient administration of justice. Consequently, we hold that, under the circumstances herein, movant is bound by the actions of his counsel, who, by failing to file a motion to dismiss pursuant to Rule 25.06, has deliberately bypassed our state procedure; therefore, movant's alleged constitutional claim is not cognizable by a Rule 27.26 motion.

All judges concur.