STATE of Missouri, Respondent,

v.

Ron LePAGE, Appellant.

No. KCD 27513.

Missouri Court of Appeals,
Kansas City District.

March 29, 1976.
Motion for Rehearing and/or Transfer
Denied May 3, 1976.

Application to Transfer Denied
June 14, 1976.

Hendren & Andrae, Alex Bartlett, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Defendant pleaded guilty to a two-count information of selling marijuana and methamphetamine. Following his plea the court assessed punishment at five years on each count. Defendant has filed a direct appeal.

The defendant was charged in the circuit court after a petition had been filed in the juvenile court alleging the charges here in question were committed by defendant prior to the time he reached seventeen years of age. Defendant was represented by counsel in the juvenile court. Following a hearing in juvenile court, the court made findings of fact and reached the conclusion the defendant was not a proper subject to be dealt with under the Juvenile Code, Sections 211.011 to 211.431, RSMo 1969. The juvenile court ordered the petition filed in that court dismissed and further ordered that defendant could be prosecuted under the general law.

Thereupon the defendant was charged in magistrate court. The defendant appeared there by the same attorney who represented him in the juvenile proceedings and waived his preliminary hearing and was bound over to circuit court.

Defendant thereafter appeared in circuit court with his same attorney. After being advised the defendant would enter a plea of guilty, the court conducted a hearing to determine the voluntariness of the plea. The court concluded the plea was entered voluntarily and accepted the same. The court ordered a pre-sentence investigation. After receiving such investigation, the defendant and his attorney appeared for sentencing. The court refused to grant probation.

On this appeal defendant seeks to attack the dismissal of the petition in juvenile court on a number of grounds with the ultimate conclusion the circuit court lacked jurisdiction because of the alleged infirmities in the juvenile court proceeding. Defendant also seeks to raise questions concerning the failure of the court to allow his attorney to examine the pre-sentence report and a question of whether one or two charges were actually involved. Finding this court does not have jurisdiction to consider the points raised, the appeal is dismissed.

The scope of review of this direct appeal following a guilty plea is restricted to the question of the jurisdiction of the subject matter and the sufficiency of the criminal charge. This was stated in *Kansas City v. Stricklin*, 428 S.W.2d 721, 724[8, 9] (Mo. banc 1968): "The question of jurisdiction of the subject matter and the sufficiency of the pleadings in either a civil or criminal action may be raised at any stage of the proceedings, even after a plea of guilty, and for the first time in the appellate court." See also Rule 28.02.

The defendant does seek to attack the jurisdiction of the circuit court because of the alleged defects in the juvenile court proceeding. However, in *Jefferson v. State*, 442 S.W.2d 6 (Mo.1969) this precise factual situation was presented. There the defendant had been the subject of a petition filed in the juvenile court but such petition was dismissed and the State was allowed to prosecute him under the general law. The defendant there appeared in circuit court with his attorneys and entered a plea of guilty. The court disposed of the contention there attacking the procedure in the juvenile court by stating at 442 S.W.2d 12[7]: "He waived any objections he might otherwise have had to the proceedings in the juvenile court when, after the appointment of two competent lawyers and the benefit of their advice and counsel, he failed to file a motion in the general criminal division requesting dismissal of the information, or remand to the juvenile divi-

sion for the conduct of a proper hearing with counsel present and the entry of an order complying with constitutional standards. (citations omitted) . . . A further and all-inclusive waiver occurred when at arraignment on the criminal charge, with the advice of competent counsel, defendant made no objection to the regularity and propriety of the proceedings in the juvenile court and instead voluntarily entered a plea of guilty."

■ Under this holding in *Jefferson,* it must be held the defendant waived any objections he had to the juvenile court proceeding when he failed to file any motion in the circuit court to dismiss the charge or to remand to the juvenile division. Further, at the guilty plea, neither defendant nor his counsel made any objection to the juvenile court proceedings and instead voluntarily entered a plea of guilty.

The St. Louis District of this court in a somewhat similar situation in *Ford v. State,* 534 S.W.2d 111 (Mo.App., 1976) stated defendant should have filed a motion under Rule 25.06 in the circuit court. The defendant waived any objection which he had to the juvenile court proceeding by failing to file such motion. The court in *Ford* also recognized the binding effect of *Jefferson* in these situations.

For these reasons this court is unable to consider the proceeding in the juvenile court involving this defendant. Nor, for the same reason, can this court consider the defendant's attack upon Section 211.071, RSMo 1969 for vagueness.

■ Defendant's counsel, who is not the same as appeared with him in the circuit court, attempts to raise an issue concerning the voluntary nature of the plea of guilty, the in camera treatment of the pre-sentence investigation, and that only one five-year sentence can stand because only one offense was in fact involved. It is apparent none of these raise any question concerning the jurisdiction of the subject matter or the sufficiency of the information. Under *Stricklin* these matters may not be considered on this appeal.

The defendant urges such matters may be considered under *State ex rel. Kansas City v. Meyers,* 513 S.W.2d 414 (Mo. banc 1974). In that case the court was dealing with an appeal to the circuit court following a guilty plea entered in the municipal court. The basis of the court's ruling was that a post-conviction collateral attack such as is provided under Rules 25.04, 27.25 and 27.26 is not allowed in municipal court convictions. The court there fashioned a remedy which is available to meet constitutional requirements following a plea of guilty in a municipal court. That case does not control here since the post-conviction remedy provided by the above mentioned Rules is fully applicable to this case. The defendant has full access to the courts for any application for relief he may desire to make under such Rules.

Because the defendant has failed to raise any issue of which this court may take cognizance on a direct appeal, the appeal is dismissed.

All concur.