**Arthur W. RICHARDSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 28548.**

Missouri Court of Appeals, Kansas City District.

Aug. 8, 1977.

Lawrence F. Gepford, Albert A. Riederer, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

SWOFFORD, Presiding Judge.

This appeal involves a proceeding under Rule 27.26. The appellant, who was 15 years of age at the time of the underlying offense of homicide and after waiver of jurisdiction by the Juvenile Court, was tried before a jury in the Circuit Court under an indictment charging First Degree Murder. The jury returned a verdict finding him guilty of Second Degree Murder and assessed his punishment at 35 years. Upon appeal, this judgment was affirmed. *State v. Richardson*, 495 S.W.2d 435 (Mo.banc 1973).

Thereafter the appellant filed this proceeding under Rule 27.26 wherein he sought to have the conviction and resultant sentence vacated. He was afforded an evidentiary hearing and was present and represented by counsel. He declined to offer any additional evidence but stated he would stand upon the transcripts of the juvenile proceedings and the transcript on appeal of

the criminal conviction. The court below made findings of fact and conclusions of law and denied appellant relief. This appeal followed.

The appellant's first point relied on is that the trial court erred in trying him under the first degree murder indictment because he "was certified from the juvenile court on a charge of second degree murder." The basis for this position is that the petition filed in the juvenile court charged that the appellant did on October 5, 1970, shoot one Herbert Andreasen "feloniously, wilfully, on purpose and of his malice aforethought", and that this charge, if leveled against an adult, would be that of the felony of second degree murder, in that it omitted the classical allegation of premeditation. Further, appellant argues that, since the Juvenile Court's order dismissing the proceedings decreed "that said child may be prosecuted for the offense alleged in said petition under the general laws of the State of Missouri", the appellant could not thereafter be indicted for the greater crime of first degree murder.

This argument is not valid and cannot be upheld, for several reasons.

■ Initially, it should be noted that the basic purpose of a petition such as involved here in the Juvenile Court is to state facts which bring the child within the jurisdiction of that court. Section 211.091 RSMo 1969. Jurisdiction is specifically conferred where the petition alleges that a child, under 17 years of age, has violated state law. Section 211.031(2) RSMo 1969. The allegations of the petition need not be couched in the technical terms required of an indictment or information. *State ex rel. D——— V ——— v. Cook*, 495 S.W.2d 127, 129[3] (Mo.App.1973). The allegations in the petition here involved clearly conferred initial, exclusive jurisdiction in the Juvenile Court.

■ An offense was charged which would constitute a felony if committed by an adult and thus justified the subsequent motion by the juvenile officer that the appellant be prosecuted under the general

criminal law and by such motion, the discretion of the juvenile judge was invoked to make such an order upon a showing that the appellant was not a proper subject to be dealt with under the Juvenile Code. Section 211.071 RSMo 1969.

■ The Juvenile Court, in the case at bar, did hold a hearing at which the appellant was present and represented by counsel. Evidence and arguments were heard and reports of investigations received. The court found that the appellant was not a proper subject to be dealt with under the Juvenile Code:

"* * * for the reasons that he has been referred to this court on several prior occasions for robbery, attempted rape, shoplifting, truancy, creating a public disturbance, auto theft, traffic violations and homicide. * * * He has demonstrated by his behavior that he cannot adjust to society and that he is beyond further rehabilitative care, treatment and services of this court; that every possible means and resource available under the Juvenile Code to rehabilitate said child has been exhausted; that he would not benefit from any further care, treatment, or services wavailable (sic) under the Juvenile Code."

The court thereupon dismissed the petition and decreed that the appellant could be tried for the homicide under the general criminal law. The whole premise of appellant's first point is based upon a misconception of the effect of this order. It is simply a waiver by the Juvenile Court of its initial jurisdiction over the child; it does not in any sense mandate jurisdiction upon the Circuit Court; it simply makes the juvenile subject to prosecution in the same manner as others; it leaves such future prosecution to the judgment of the prosecutor or grand jury on the criminal level; and, it divorces the Juvenile Court from all further connection with the process by waiver. *State v. Ford*, 487 S.W.2d 1 (Mo.1972). In *Ford*, the court thus stated (and clarified) the court proceedings at that level, l.c. 5[3]:

"* * * Although the action of a juvenile court in dismissing a petition under

the provisions of § 211.071 V.A.M.S. has been frequently characterized as 'certifying the juvenile for trial as an adult', or 'ordering the juvenile to be tried as an adult' the characterizations are incorrect. All that the juvenile court can do under § 211.071 V.A.M.S. is to dismiss the petition which has the effect of relinquishing juvenile court jurisdiction over the juvenile. When this jurisdiction is relinquished the juvenile is subject to prosecution in the same manner that others may be prosecuted. Whether or not the prosecution is instituted however, is matter over which the prosecuting attorney or the grand jury has jurisdiction, but the court has no jurisdiction to institute the prosecution or to order that a person, against whom no indictment or information has been issued, to be tried at all. * * * "

■ Further, it was incumbent on the appellant to raise any defect or objection, constitutional or otherwise, which might obtain to the waiver proceedings in the Juvenile Court, when he went to trial on the indictment on the criminal side by motion to quash the indictment or motion to remand for further proceedings in the Juvenile Court. Otherwise, such were waived. *Jefferson v. State,* 442 S.W.2d 6, 12[7] (Mo. 1969); *State v. LePage,* 536 S.W.2d 834, 836[2] (Mo.App.1976).

■ In the case at bar, at the very outset of the trial of the underlying criminal charge, in response to direct inquiry, the appellant's counsel stated that no objection would be advanced as to the waiver of jurisdiction (certification) of the case by the Juvenile Court. Such a waiver of objection by counsel was and continues to be binding upon appellant. *Ford v. State,* 534 S.W.2d 111, 112–114[1–3] (Mo.App.1976).

■ Finally, the jury convicted the appellant of murder in the second degree, the crime which he now asserts was the only one for which he could be charged and made to stand trial under the Juvenile Court's waiver order and which offense he concedes was within the court's jurisdiction. Appellant's first point (I) is ruled against him.

■ His second and third points in broad, general, vague and sweeping terms challenge the waiver proceedings in the Juvenile Court because they are claimed to be violative of appellant's constitutional rights and did not meet the statutory standards for waiver and constituted an abuse of discretion. These points or assignments of error were not preserved by objection or motion at the trial and were, therefore, waived. *Jefferson v. State, supra; State v. LePage, supra; Ford v. State, supra.* Neither do these points comply with Rule 84.-04(d).

In any event, the gravamen of the argument of appellant on both points raises no question of merit. He attempts to challenge both the evidence at the waiver hearing and the order of waiver upon the ground that the first disclosed and the second was based upon a showing of prior accusations and referrals or contacts with the juvenile process which were never fully processed or proved. He seeks to apply to these proceedings the criminal law rule that prior charges, complaints, and arrests not resulting in convictions are inadmissible and that the Juvenile Court therefore abused its discretion in affording his history in this area any consideration, and thereby denied him any right of confrontation and other constitutional safeguards.

■ Here again he misconceives the nature of the waiver proceedings. Such were not and did not purport to be an evidentiary proceeding to determine his guilt or innocence of the acts previously resulting in his contacts with the juvenile system nor of the homicide in the underlying case here involved. Under mandate of the law and the spirit of *parens patriae* the only purpose of such proceedings was to determine his suitability for further attempts at care and treatment under the Juvenile Code. Section 211.071 RSMo 1969. Prior contacts with law enforcement agencies, seriousness of the offense, social investigation, mental and physical condition, and many other factors may bear upon this ultimate decision as to waiver and are properly considered. *State v. Kemper,* 535 S.W.2d

241, 247–248[7, 8, 9] (Mo.App.1975); *Kent v. United States,* 383 U.S. 541, 567, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); *State v. Reagan,* 427 S.W.2d 371, 377[4] (Mo.banc 1968).

The evidence considered in this case on the issue of waiver of jurisdiction by the Juvenile Court was clearly within the guidelines recognized in the above-cited authorities. No violation of the appellant's constitutional rights appears, the Juvenile Court did not abuse its discretion and the order of waiver permitted jurisdiction to lodge in the Circuit Court for the criminal prosecution. Appellant's Points II and III are ruled against him.

Appellant's Points IV, V and VI deal with alleged error in refusal to suppress lineup and in-court identification, violation of *Miranda,* and failure to give a manslaughter instruction. All of these points were raised and decided on direct appeal in *State v. Richardson,* 495 S.W.2d 435 (Mo.banc 1973) and are, therefore, not now cognizable under this Rule 27.26 proceeding. *Mooring v. State,* 501 S.W.2d 7, 11[7] (Mo.1973); *Shepherd v. State,* 529 S.W.2d 943, 946[6] (Mo.App.1975); *Weaver v. State,* 520 S.W.2d 640, 643[2] (Mo.App. 1975).

Judgment affirmed.

All concur.