Paul Henry POLYS, Appellant-Movant,

v.

STATE of Missouri, Respondent.

No. 50648.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 23, 1986.

Motion for Rehearing and/or Transfer
Denied Feb. 11, 1987.

Anthony L. Anderson, Clayton, for appellant-movant.

Wm. L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Paul Henry Polys, (hereinafter defendant) appeals from the denial, after an evidentiary hearing, of a Rule ·27.26 motion.

Defendant was fifteen years old at the time of his arrest. He was certified to the Circuit Court to be tried as an adult under the general law. Defendant entered guilty pleas and was sentenced to concurrent terms of fifteen years for second degree murder and ten years for assault with intent to kill with malice.

On appeal, defendant alleges ineffective assistance of counsel, a constitutional right to be informed of a bench trial, and the involuntariness of his guilty plea.

 In a Rule 27.26 post-conviction motion, appellate review is limited to a determination of whether the findings, conclusions, and judgment of the lower court are clearly erroneous. Rule 27.26(j); *Deaton v. State*, 705 S.W.2d 70, 73 (Mo.App., E.D.1985). Where a guilty plea has been entered, appellate courts defer to the trial court's determination of the plea's voluntariness, absent a clear abuse of discretion. *State v. Bonds*, 521 S.W.2d 18, 20 (Mo.App., E.D.1975). Moreover, after an accused pleads guilty, any claim of ineffective assistance of counsel is immaterial and the issue is foreclosed if the plea were made voluntarily. *Holzer v. State*, 680 S.W.2d 764, 767 (Mo.App., E.D.1984).

 In his first point on appeal, defendant contends that his counsel was ineffective because he failed to challenge the juvenile court's relinquishment of jurisdiction over defendant. First, as defendant points out, a motion for remand and/or a motion to quash the indictment or dismiss the information are the proper methods by which to raise any objections to the proceedings in the juvenile court. *Jefferson v. State*, 442 S.W.2d 6, 12 (Mo.1969). Neither defendant nor his counsel filed the requisite motions. Failure to file the motions results in the waiver of any such objections. *Jefferson*, 442 S.W.2d at 12; *State v. Abbott*, 654 S.W.2d 260, 273 (Mo.App., S.D.1983); *Brown v. State*, 581 S.W.2d 407, 410 (Mo.App., W.D.1979). Defense counsel testified at the evidentiary hearing that he chose not to file such motions because, in his professional judgment, the motions were without merit under the facts of the case. In *Ford v. State*, 534 S.W.2d 111 (Mo.App., E.D.1976) this court stated, per curiam, that no authority could be found

"which places counsel under an obligation to inform his client of our rules.... Moreover, we assume that movant was aware of his rights from the fact that he was represented by competent counsel." 534 S.W.2d at 113. Defendant is bound by his counsel's deliberate actions in chosing not to file the motions. *Id.* at 114.

 Secondly, our review of defendant's allegation of ineffective assistance is limited to determining whether the alleged ineffectiveness affected the voluntariness of defendant's guilty pleas. *Holzer v. State*, 680 S.W.2d 764, 767 (Mo.App., E.D. 1984). At the evidentiary hearing, defendant testified that he was not coerced to plead guilty and that his counsel did not make any promises to him concerning probation, placement or other disposition. The lower court found additional evidence in the record of the plea hearing to support its conclusion that defendant's plea was made voluntarily. We do not find this judgment to be clearly erroneous. Point denied.

Defendant's second point on appeal is that he had a constitutional right to be informed of the possibility of a bench trial. He implies that had he known of this option at the time he entered his guilty pleas, he might have chosen it in preference to the plea. He contends that his lack of knowledge tainted the voluntariness of his plea.

A defendant does not have an absolute right "either by constitution, statute, or court rule, to elect that he shall be tried by the court without a jury." *State v. Taylor*, 391 S.W.2d 835, 836 (Mo.1965). All references to jury-waived, or bench, trials provide that the assent of the court is required. Rule 27.01(b); *Brown v. State*, 465 S.W.2d 563, 568 (Mo.1971).

The transcript of the evidentiary hearing reveals that defense counsel was an experienced criminal attorney who fully advised defendant of his rights and discussed the case with both defendant and his mother on numerous occasions. Defense counsel testified that he had eliminated the option of a bench trial because, in his opinion, there were no legal issues to be resolved. Further, under the facts, he believed it would be better for defendant to be judged by a jury rather than the court. This was a tactical decision appropriately made by counsel. *Brown v. State*, 465 S.W.2d at 568. Defendant's second point is denied.

Finally, defendant alleges that defense counsel instructed him to respond "yes" to questions asked of him at the plea hearing and, consequently, the voluntariness of his plea is suspect. Defense counsel's testimony at the evidentiary hearing directly contradicted that of defendant. This court gives deference to the trial court's ability to assess the credibility of witnesses. *Leigh v. State*, 673 S.W.2d 788, 790 (Mo.App., E.D.1984). The lower court resolved the issue of credibility against defendant and upheld the voluntariness of his plea. We do not find this conclusion to be clearly erroneous. Point denied.

The judgment of the trial court is affirmed.

STEPHAN and SIMON, JJ., concur.