**STATE of Missouri, Respondent,**

v.

**Robert L. RUTLEDGE, Appellant.**

No. 54933.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 24, 1989.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Feb. 28, 1989.

Application to Transfer Denied
April 18, 1989.

Gary L. Robbins, Scott Albers, Jackson, for appellant.

H. Morley Swingle, Pros. Atty., Cape Girardeau, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of the Class A misdemeanor of assault in the third degree. He was sentenced to one year in the county jail. We affirm.

The prosecutor and defense attorney thought the trial judge would assent to a bench trial because of a telephone conver-

sation between the three, but eight days before the trial date, the trial judge notified the prosecutor and defense counsel he would not assent to a bench trial.

On the day of trial, defendant's lawyer filed a waiver of jury trial which was denied. He then filed a motion for continuance on the ground he had not prepared for a jury trial. This motion was denied. Defendant's lawyer then asked to withdraw and allow defendant to proceed *pro se.* This too was denied.

■ Defendant asserts the trial court abused its discretion in denying him his right to a bench trial. Although a defendant has the right to a jury trial under Rule 27.01(a), there is no absolute right to a bench trial. Rule 27.01(b). *Polys v. State,* 724 S.W.2d 265, 267[8] (Mo.App. 1986). We find no abuse of discretion in this case.

■ Defendant also asserts reversible error in the trial court's denial of his continuance and his lawyer's motion to withdraw. Defense counsel knew for eight days the bench trial was to be denied. He had adequate time to prepare for a jury trial. *See State v. Wade,* 666 S.W.2d 869, 871 (Mo.App.1984). Moreover, defense counsel did not file a written application accompanied by an affidavit as required by Rule 24.09. We find no abuse of discretion in the trial court's denial of the continuance or its refusal to allow defense counsel to withdraw and defendant to appear *pro se.*

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.