Alvin LIGGINS, Appellant,

v.

STATE of Missouri, Respondent.

No. 56889.

Missouri Court of Appeals, Eastern District, Division One.

March 20, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Alvin Liggins, appeals the denial of his Rule 27.26 motion without an evidentiary hearing. Movant was convicted by a jury of second degree murder for which he received a sentence of fifty years imprisonment. Movant's conviction was affirmed on appeal but remanded for resentencing. *State v. Liggins*, 725 S.W.2d 75 (Mo.App., E.D.1987). Movant was subsequently resentenced to thirty years imprisonment on April 18, 1988.

Movant filed his *pro se* motion pursuant to Rule 27.26 on October 13, 1987. The court appointed counsel for movant on December 28, 1987, however, counsel never filed an amended motion. On May 13, 1988, while his Rule 27.26 motion was pending, movant filed a motion under Rule 29.15. Movant continued to file various motions under Rule 29.15 until March 2, 1989, at which time he filed four motions.

On May 15, 1988, the motion court issued findings of fact and conclusions of law denying movant's claims without an evidentiary hearing. Although the motion court concluded that the 29.15 motions were "successive motions" and that, therefore, the court could not entertain them, the court reviewed the allegations included in the 29.15 motions. The motion court concluded that the allegations contained in the 29.15 motions merely repeated the same allegations contained in the movant's 27.26 motion and contained miscellaneous allegations of trial error. The motion court denied movant's 27.26 motion and this appeal followed.

■ Movant first contends that the trial court was without jurisdiction to try him because the information in lieu of indictment under which he was charged was fatally defective. The evidence at trial revealed that movant shot the victim, Tommy "Tony" Davis, on September 8, 1984, but that the victim didn't die until October 12, 1984. The information submitted in lieu of indictment charged movant under RSMo § 565.004 (1969) which was repealed effec-

tive October 1, 1984. Movant contends that, as the victim died October 12, 1984, he should have been charged under RSMo § 565.021 (1984) and that, because he was charged under a repealed statute, the trial court did not obtain jurisdiction.

The purpose of an indictment or information is to inform the accused of charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in case of an acquittal. *State v. O'Connell*, 726 S.W.2d 742, 746 (Mo. banc 1987). As movant was fully informed of the charges against him regardless of which statute applied, we need not decide which statute applied to the movant.

The test for the sufficiency of an indictment or information is "whether it contains all essential elements of the offense as set out in the statute [creating the offense] and clearly apprises defendant of facts constituting the offense." *State v. Brown*, 660 S.W.2d 694, 698 (Mo. banc 1983). Where the statute uses generic terms in defining the offense, it is necessary to recite sufficiently the conduct constituting the offense in order to accomplish the purpose of the indictment or information. *O'Connell*, 726 S.W.2d at 746. A term is said to be generic when it does not proscribe specific conduct by which the offense is perpetrated. *Id.*

The information substituted in lieu of indictment charged:

> that the defendant in the CITY OF ST. LOUIS/STATE OF MISSOURI, the 8th day of September, 1984, in violation of Section 565.004, RSMo, 1969, committed the class A felony of murder in the second degree, punishable upon conviction under Section 565.008.2, RSMo, in that defendant intentionally, premeditatedly, with malice aforethought and unlawfully killed THOMAS DAVIS by shooting him thereby causing him to die on the 12th day of October, 1984, in the City of St. Louis, State of Missouri.[1]

---

1. This court notes that the shooting occurred on September 8, 1984. On that date the applicable

RSMo section was RSMo § 565.004 (1978) not RSMo § 565.004 (1969) as indicated above.

Under Missouri Approved Charges—Criminal 13.04, Murder in the Second Degree: Conventional, an indictment charging movant with murder in the second degree under RSMo § 565.021 (1984) would have required the State to allege that movant "... (knowingly) (or) (with the purpose of causing serious physical injury to [Thomas Davis]) caused the death of [Thomas Davis] by (shooting) him." The only element of murder in the second degree that varies between the charges under the repealed statute and the current statute is the mental state required. It must be noted, however, that the mental state under the new statute requires only that the accused knowingly caused the death or had the purpose of causing *serious physical injury.* On the other hand, in *State v. Mannon,* 637 S.W.2d 674 (Mo. banc 1982), the Missouri Supreme Court held that the elements of second degree murder under § 565.004 (1978) were "the (1) willful, (2) premeditated, (3) killing (4) of a human being (5) with malice aforethought." *Mannon,* 637 S.W.2d at 678. Cases interpreting RSMo § 565.004 (1978) have, therefore, required a greater finding of mens rea than required under RSMo § 565.021 (1984) which appellant maintains he should have been charged under. We hold that the information charging movant adequately informed him that he was charged with murder in the second degree and constituted a bar to further prosecution for that offense. Furthermore, there was no demonstration that movant was prejudiced. Rule 23.11 (1989).

Movant next asserts that the motion court erred in not considering his Rule 29.15 motions. Although we agree that the heading "29.15" should not have been the determining factor and that movant's "29.-15" motions should have been considered amendments to his Rule 27.26 motion, we note that the motion court *did* address movant's "29.15" motions.

 In its findings of fact and conclusions of law, the motion court stated "the court has reviewed the other papers filed by movant and finds that they merely repeat the same allegations and contain miscellaneous allegations of trial error." There is no requirement that the findings and conclusions of the motion court be itemized. *Jackson v. State,* 729 S.W.2d 253, 256 (Mo.App., E.D.1987). All that is required is that the findings and conclusions are sufficient for an appellate court to determine whether or not they are clearly erroneous. *Id.* This court has reviewed all of the allegations contained in movant's 29.15 motion and holds that the findings and conclusions are not clearly erroneous.[2]

Finally, movant claims that his counsel was ineffective in failing to investigate and call his alibi witnesses. We have reviewed this allegation and hold that the findings and conclusions of the motion court are not clearly erroneous. In addition, we find there be no precedential value served by a full opinion on this issue. Rule 84.16(b).

Affirmed.

REINHARD and CRIST, JJ., concur.

---

2. This court notes that one point presented in movant's 29.15 motion—whether it was ineffective for counsel to not request a mistrial after the admission of certain hearsay evidence—is not cognizable in movant's 27.26 motion as this court found the admission to be "neither error nor prejudice" on direct appeal. *Liggins,* 725 S.W.2d at 77. Points considered on direct appeal may not be relitigated in a post conviction relief motion. *State v. Bradley,* 618 S.W.2d 206, 207 (Mo.App., E.D.1981). While the trial court probably should have addressed this point in its findings and conclusions, as the claim was not cognizable in appellant's Rule 27.26 motion, failure by the motion court to issue findings and conclusions on this point does not result in reversible error. *Reagan v. State,* 751 S.W.2d 793, 795 (Mo.App., E.D.1988).