Phillip MAULHARDT, Appellant,

v.

STATE of Missouri, Respondent.

No. 57059.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 1, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1990.

Lois M. Drossman, St. Charles, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Appellant, Phillip G. Maulhardt, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Appellant was convicted of two counts of sale of a controlled substance after entering a plea of guilty. He was sentenced to two consecutive ten year prison terms. On June 28, 1988, appellant filed a pro se motion under Rule 24.035.[1]

On July 1, 1988, the circuit court granted appellant's motion to proceed in forma pauperis, appointed the public defender's office to represent him and granted him thirty days to file an amended motion. On October 17, 1988, appellant's appointed counsel filed a motion for extension of time to file an amended Rule 24.035 motion; the motion was granted the same day. On November 28, 1988, appellant's appointed counsel filed an amended motion and hearing request. On December 5, 1988, appellant's appointed counsel filed still another amended motion and hearing request. The circuit court denied appellant's post-conviction relief motion without an evidentiary hearing. This appeal follows.

Appellant claims that the circuit court erred in dismissing his amended motion without an evidentiary hearing alleging ineffective assistance of counsel in that trial counsel caused him to involuntarily enter a guilty plea which thereby prejudiced the appellant.

■ According to Rule 24.035(f), "any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed.... The court may extend the time for filing the amended motion for one additional period not to exceed thirty days." Therefore, under Rule 24.035(f) appellant has a maximum of sixty days from the date counsel is appointed to file an amended motion. *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989). The time limits contained in Rule 24.035 have been held to be reasonable as well as mandatory. *Id.* at 695.

■ Appellant's counsel was appointed on July 1, 1988. According to Rule 24.035(f) appellant had a maximum of sixty days from July 1, 1988 to file an amended motion. It was not until October 17, 1988 that appellant's appointed counsel filed a motion for extension of time to file an amended Rule 24.035 motion. This was well beyond the sixty day limitation imposed by the rule. Further, appellant's two other amended motions were not filed

---

1. Appellant's pro se motion was filed under Rule 29.15. However, as the circuit court noted, appellant's post-conviction motion should have been filed under Rule 24.035 as it arose from a guilty plea. It will therefore be treated as a Rule 24.035 motion for the purpose of this appeal.

until November 28, 1988 and December 5, 1988. Any order, implicit or otherwise, by the circuit court purporting to extend the deadline for filing appellant's amended motion beyond sixty days from the appointment of the public defender is without legal efficacy. *Batson v. State,* 774 S.W.2d 882, 884 (Mo.App.1989). Appellant's failure to file an amended motion within the time specified by Rule 24.035(f) constitutes a complete waiver of the right to proceed under the rule. *Day v. State,* 770 S.W.2d 692, 696 (Mo. banc 1989). Therefore, the circuit court was without jurisdiction to extend the sixty day deadline for appellant to file an amended motion.

Appellant's pro se motion, which was properly before the motion court, claims he had a viable entrapment defense and that trial counsel's failure to prepare such an entrapment defense left the appellant no choice but to plead guilty on the day of trial. Appellant alleges that he made an involuntary guilty plea as a result of being prejudiced by the denial of a fair trial due to the ineffectiveness of trial counsel's preparation.

■ A plea of guilty voluntarily and understandingly made waives all non-jurisdictional defenses to the charges and all non-jurisdictional defects in the proceedings. *Chamberlain v. State,* 721 S.W.2d 139, 140 (Mo.App.1986); *State v. Cody,* 525 S.W.2d 333, 335 (Mo. banc 1975). This Court has stated that the constitutional issue of appellant's right against entrapment is waived by the entry of a guilty plea. *Carrow v. State,* 755 S.W.2d 328, 330 (Mo.App.1988). Our review in this post-conviction proceeding is limited to a determination of whether the alleged ineffectiveness of counsel bore upon the voluntariness, the knowledge and the intelligence with which the guilty plea was made. *Id.*

■ Appellant's claim that his guilty plea was induced by his trial counsel's lack of preparedness is refuted by the record. The transcript of the guilty plea hearing shows that the circuit court questioned appellant thoroughly to ensure the voluntariness of his plea. Appellant stated that he was satisfied with his attorney's services and that he had not been coerced or threatened in any way into entering his guilty plea. The testimony at the hearing also shows that appellant was told and understood that the circuit court was not going to be bound by the state's recommendation of sentence, but rather that the circuit court's disposition of the action was going to be less favorable to him than the state's recommendation. Knowing the full range of penalties would be open to the court at sentencing, appellant still desired to enter a plea of guilty. Appellant's testimony conclusively shows that he entered his guilty plea freely and voluntarily with full knowledge that the circuit court was not going to be bound by the state's recommendation.

The circuit court properly denied appellant's motion without an evidentiary hearing.

Judgment affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.