**Johnny BOXX, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 62064.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 25, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 23, 1993.

Application to Transfer Denied
Aug. 17, 1993.

David C. Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals the denial of his Rule 24.035 motion for post-conviction relief. We affirm.

On April 9, 1991, Defendant was indicted as a prior and persistent offender for one count of the class C felony of possession of

cocaine. After his jury trial had begun, Defendant pleaded guilty to the offense. At the hearing on his guilty plea, the State stated it would prove beyond a reasonable doubt that:

[O]n December 11, 1990 about 3:15 in the afternoon, in the 2500 block of Semple, in the City of St. Louis, State of Missouri, Det. Gordon Whitling would testify that at the time, he knew the defendant was wanted for escaping from St. Mary's Honor Center and there was a warrant for his arrest. He arrested Mr. Boxx at that time, and pursuant to a search of his person, he found the defendant to be in possession of cocaine base a controlled substance under the law of the State of Missouri.

In accordance with his plea agreement with the State, the trial court sentenced Defendant to fifteen years' imprisonment. Defendant filed a timely 24.035 motion for post-conviction relief, which was denied.

In Point I, Defendant argues the motion court erred in excluding the testimony of his witnesses whose absence he alleged rendered his guilty plea involuntary. In his 24.035 motion, Defendant asserted his trial counsel was ineffective for failing to subpoena eyewitnesses Terrance Long, Charles Merry, Ricky Moore, Michael Walls, and Joyce Boxx to testify at his trial. Defendant contended he did not plead guilty voluntarily, but rather believed he had no choice because trial counsel was unprepared. Defendant further asserted Charles Merry, Ricky Moore, Terrance Long, and Michael Walls would have testified that Long was in the process of purchasing Defendant's car and had given him the $1000 seized in the arrest. They would also testify the police did not find any controlled substances on Defendant when he was arrested. Joyce Boxx would also testify she gave the title to Defendant's car to Long.

At the evidentiary hearing, the motion court refused to allow testimony from the four witnesses who appeared. The motion court stated it would not allow testimony which applied to whether Defendant committed the offense or not. Defendant appeals, arguing the motion court should have allowed the testimony because the availability of the witnesses and their testimony affect whether or not Defendant pleaded guilty voluntarily.

■ The motion court's refusal to allow Defendant to present the witness testimony was tantamount to a denial of an evidentiary hearing on that issue. In fact, in its decision, the motion court stated Defendant's allegation was refuted by the record. The motion court may deny an evidentiary hearing on any claims for which the record conclusively shows Defendant is entitled to no relief. Rule 24.035(g). To be entitled to an evidentiary hearing on the issue of ineffective assistance of counsel, Defendant must plead facts, not conclusions, which if true would warrant relief. *State v. Jennings*, 815 S.W.2d 434, 448–49 [30] (Mo. App.1991). Further, the allegations must not be refuted by the record and must have prejudiced Defendant. *Id.*

■ By pleading guilty, Defendant waives all claims of ineffective assistance of counsel except to the extent they affect the voluntariness of his plea. *Forest v. State*, 810 S.W.2d 518, 519 [2] (Mo.App. 1991); *Slaughter v. State*, 785 S.W.2d 113, 114 [2] (Mo.App.1990).

■ Defendant's claim of ineffective assistance of counsel for failure of his trial counsel to subpoena witnesses is refuted by the record. Defendant admitted the crime under oath. Therefore, testimony of witnesses who state he did not commit the crime would be of little benefit. Also, at the time of the plea hearing, Defendant would have known his trial counsel failed to subpoena his witnesses. Yet, he stated he was satisfied with his trial counsel's services. He also stated no one was forcing him to plead guilty or promising him anything in return for his plea. Defendant's belated claim of ineffective assistance of counsel is waived. *See, Fox v. State*, 819 S.W.2d 64, 67 [7] (Mo.App.1991); *Cramlett v. State*, 800 S.W.2d 813, 814 (Mo.App.1990). Point denied.

■ In Point II, Defendant asserts the motion court erred in directing the State to

call Defendant's trial attorney to testify at the evidentiary hearing. He requests the motion judge be disqualified because of bias and his motion remanded for a hearing with an impartial judge. However, Defendant failed to request a disqualification of the motion judge at his evidentiary hearing. Defendant's failure to object to Judge Shaw means he has not preserved this issue for appellate review. *State v. Jackson,* 836 S.W.2d 1, 6 [5] (Mo.App.1992); *State v. Blackmon,* 664 S.W.2d 644, 649 [13–16] (Mo.App.1984). Therefore, it is entitled only to plain error review per Rule 84.13. Plain error review is available only to prevent manifest injustice or miscarriage of justice. Rule 84.13(c).

■ "A judge is entitled to the presumption that he will not undertake to preside in a trial or hearing in which he cannot be impartial." *State v. Garner,* 799 S.W.2d 950, 954–55 [2] (Mo.App.1990). Our review must be based upon whether a reasonable and disinterested bystander would reasonably question the impartiality of the judge. *State v. Lovelady,* 691 S.W.2d 364, 367 [2] (Mo.App.1985).

■ No manifest injustice or miscarriage of justice results in this case. The record shows the State was going to withdraw the testimony of Defendant's trial counsel. The motion court judge requested the attorneys approach the bench and a discussion was had off the record. Following this discussion, the State chose to recall trial counsel. Defendant's attorney objected and the court stated:

> Well, the Court was going to give both parties an opportunity to call Mr. Cummings if they so desired.

> The Court told the parties what it was concerned about, and that it was not inclined to continue this matter in that regard. The witness—the witness has been sitting here. There has been no discussion with this witness to prompt the witness as to any answers or anything, so the Court is overruling that objection.

It appears Judge Shaw merely gave both parties a chance to clarify a question regarding a claim of Defendant. The subsequent testimony reveals the question related to advice given by trial counsel regarding Defendant's prior and persistent offender status. The testimony was damaging to Defendant, but just as easily could have aided Defendant. The court gave each party the opportunity to clarify the question. There was no discussion with the witness concerning his possible answers. There is no indication of bias or hostility toward Defendant. Judge Shaw's actions do not violate the general rule of impartiality. *See, State v. Finley,* 704 S.W.2d 681, 683 [1] (Mo.App.1986); *State v. Clay,* 763 S.W.2d 265, 268 [1, 2] (Mo.App. 1988). Point denied.

■ In Point III, Defendant argues the motion court erred in excluding a document to be used to impeach Defendant's trial attorney. In his 24.035 motion, Defendant alleged his trial counsel was ineffective because Defendant pleaded guilty believing he would be sentenced to seven years in exchange for his plea of guilty. At the evidentiary hearing, Defendant's trial attorney testified he explained to Defendant he could receive a maximum of twenty years as a persistent offender. He further testified he discussed the persistent offender provision with Defendant several times prior to trial. On cross-examination, Defendant attempted to introduce into evidence a document filed by his trial counsel in which counsel referred to a penalty range of one to seven years. The court refused to admit the document.

The State argues the court did not prejudicially err in excluding the document because Defendant's claim was refuted by the record. The guilty plea hearing reflects four specific references to fifteen years. Indeed, it does seem clear Defendant knew he was pleading guilty with a recommended sentence of fifteen years. However, Defendant argues this does not refute his misunderstanding that while the State was recommending fifteen years, he could actually receive no more than seven years. We reject Defendant's assertion.

First, this was not Defendant's argument in his 24.035 motion. Defendant alleged in his first amended motion he was promised

a seven-year sentence by his attorney and the state prosecutor *in exchange for* his guilty plea. Second, Defendant is no stranger to the plea bargaining process. Defendant said it was possible he had pleaded guilty to eight prior felonies and six prior misdemeanors. In the guilty plea hearing, Defendant's attorney clearly stated Defendant "was *getting* fifteen years...." Defendant also stated he had not been promised anything to plead guilty. The motion court did not prejudicially err in excluding the evidence of counsel's prior inconsistent statement, because Defendant's claim is refuted by the record. *Jennings*, 815 S.W.2d at 448–49 [30]. Point denied.

In Point IV, Defendant asserts the motion court lacked jurisdiction to convict him as a persistent offender because the motion court failed to follow the procedure mandated by § 558.021.1. Defendant further contends the motion court also failed to issue findings of fact and conclusions of law regarding this point.

█ Section 558.021.1, RSMo Supp.1992, allows the trial court to sentence Defendant as a persistent offender if:

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, or dangerous offender; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, or dangerous offender.

A persistent offender is defined as "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.-016.3, RSMo Supp.1992. Defendant proposes the trial court was without jurisdiction because (1) insufficient evidence was admitted to demonstrate the offenses underlying the two prior felony convictions occurred *at different times;* and (2) the trial court failed to make specific findings as required by § 558.021.1(3).

Defendant admitted he was convicted of the felony of unlawful use of a weapon on August 28, 1984, and the felony of receiving stolen property with a value greater than $150 on August 7, 1985. The inference is clear the crimes were committed at different times. Defendant is required to show they were committed at the same time despite the difference in dates. *State v. Thornton*, 651 S.W.2d 164, 168 [5] (Mo. App.1985); *State v. Cullen*, 646 S.W.2d 850, 854 [4] (Mo.App.1982). Defendant failed to do this.

Defendant further contends the trial court must make *specific* findings of fact supporting its conclusion he is a persistent offender. In its order, the trial court merely stated without elaboration: "Court further finds defendant to be a PRIOR and PERSISTENT OFFENDER, as alleged."

█ The statute no longer requires specific findings of fact. *Hight v. State*, 841 S.W.2d 278, 282 (Mo.App.1992). Furthermore, if there is evidence to support the finding that Defendant is a persistent offender, the trial court's failure to make specific findings is only a procedural deficiency. *Id.; State v. Green*, 812 S.W.2d 779, 785 [6] (Mo.App.1991). Admissions of two prior felony convictions is sufficient evidence to support the trial court's finding. *Hight*, 841 S.W.2d at 282.

█ In addition, the findings of fact and conclusions of law entered by the motion court were sufficient to allow us to review Defendant's point and determine whether it was clearly erroneous. *State v. Turner–Bey*, 812 S.W.2d 799, 809 [9, 10] (Mo.App.1991). The motion court issued six pages of findings and conclusions. It clearly stated it had considered all the allegations in Defendant's original *pro se* motion, *pro se* first amended motion, and second amended motion and found them to be either refuted by the record or conclusory. The motion court is not required to issue itemized findings and conclusions. *Liggins v. State*, 786 S.W.2d 207, 209 [2] (Mo.App. 1990). Furthermore, no error would exist

in a complete failure to issue findings and conclusions because Defendant's claim is unsupported by substantive evidence. *Jennings,* 815 S.W.2d at 449 [30]; *Foster v. State,* 809 S.W.2d 863, 865–66 [10] (Mo. App.1991). Point denied.

■ In Point V, Defendant contends the motion court clearly erred in concluding the evidence refuted his claim that his attorney misstated the applicable range of punishment. In his 24.035 motion, Defendant alleged he was misinformed that he could be sentenced to twenty-five years instead of a maximum of twenty years if he went to trial. The motion court rejected Defendant's assertion, finding that Defendant was correctly informed. At the hearing, Defendant's attorney testified he told Defendant several times the maximum sentence was twenty years. The motion court did not clearly err in choosing to believe this testimony. *State v. Tubbs,* 806 S.W.2d 746, 749 [8] (Mo.App.1991); *Caraker v. State,* 712 S.W.2d 23, 24 [2] (Mo.App.1986). Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.