STATE of Missouri, Plaintiff–
Respondent,

v.

Anthony T. SPARKS, Defendant–
Appellant.

No. 67557.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 28, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 20, 1996.

David J. Roth, II, Lowes & Drusch, Cape Girardeau, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Blegan, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

■ Defendant, Anthony Sparks, appeals the judgment and sentence entered following defendant's plea of guilty to the charge of driving while intoxicated on November 4, 1994. Defendant was charged under § 577.023 RSMo 1994, an enhanced version of the driving while intoxicated offense applicable to persistent and prior offenders. We affirm.

The information charged defendant with a class D felony as follows:

The Prosecuting Attorney of the County of Cape Girardeau, State of Missouri, charges that the defendant, either acting alone or knowingly in concert with another, in violation of Section 577.010, RSMo,

committed the class D felony of driving while intoxicated, punishable upon conviction under Sections 558.011, 560.011 and 577.023, RSMo, in that on or about August 1, 1993, on East Jackson Blvd., in the County of Cape Girardeau, State of Missouri, the defendant knowingly operated a motor vehicle while under the influence of alcohol, and

on or about May 11, 1992, defendant had pleaded guilty to driving while intoxicated for events occurring on February 27, 1992, in the Circuit Court of Cape Girardeau County, State of Missouri, and defendant was represented by an attorney, and

on or about April 12, 1990, defendant had been found guilty of driving while intoxicated in the Municipal Court of the City of Cape Girardeau, State of Missouri, where the judge was an attorney.

Defendant first challenged the information at his sentencing hearing. Defendant argued that the court lacked jurisdiction to sentence defendant and erred in sentencing defendant because (1) the information was invalid in that it did not set forth all facts necessary to allege defendant was a persistent offender, and (2) the court did not make a finding as to whether defendant was a persistent offender.

Section 577.023, RSMo 1994 allows a driving while intoxicated charge, a class B misdemeanor, to be enhanced to a class D felony driving while intoxicated, giving the defendant "persistent offender" status, when the defendant "has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses." § 577.023.1 and .3, RSMo 1994.

An "intoxication-related traffic offense" is defined under this section as "driving while intoxicated ... in violation of state law or a county or municipal ordinance, where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing." § 577.023.1(1), RSMo 1994.

Defendant contends this section requires the state to allege with regard to all prior offenses that the judge was an attorney and that the defendant was represented by an attorney or waived representation in writing. Defendant argues that because the State did

not allege that the judge in his May 11, 1992, plea hearing was an attorney and because it did not allege defendant was represented by or waived his right to counsel in his April 12, 1990, trial, the information is invalid and therefore the court had no jurisdiction to sentence him.

We interpret section 577.023.1(1) as requiring those allegations only when a county or municipal ordinance has been violated. Our interpretation is supported by several bases. First, the 1986 version of the Revised Statutes of Missouri includes only state law violations in the category of "intoxication-related offenses." § 577.023.1(1) RSMo, 1986. That version of the statute did not require allegations or proof that the judge was an attorney or that the defendant was represented by an attorney or waived representation in writing. *Id.* These requirements were added with the 1991 amendment to this section, the same amendment which added county and municipal ordinances to the category of "intoxication-related traffic offenses." § 577.023.1(1) RSMo, 1991. Further, judges in the circuit and associate circuit courts are required to be licensed to practice law in Missouri. Mo. Const. art. 5, § 21. The laws of this state ensure that any defendant who faces imprisonment as a result of conviction will have the assistance of counsel if the defendant desires such assistance. *See* Mo. Const. art. 1, § 18(a); Rule 31.02(a). Written waiver of the right to counsel is required in all cases where the defendant may receive a jail sentence or confinement. § 600.051 RSMo, 1994. Under state law, sentences for driving while intoxicated offenses range in degree from a class B misdemeanor to a class D felony; all degrees allow for jail sentences. §§ 577.010 and 577.023 RSMo, 1994.

Given the general provisions of Missouri law, requiring such allegations and proof would be redundant and would serve no further purpose in protecting defendants' rights. Therefore, we believe the allegations and proof that the judge in the case was an attorney and that defendant was represented by or waived the right to an attorney in writing are not applicable to violations of state law under this enhancement statute.

Consequently, the state's allegation as to an "intoxication-related traffic offense" occurring on February 27, 1992 is sufficient. The only defect in the information is that the state did not allege defendant was represented by an attorney or waived the right to representation in writing at his April 12, 1990 trial.

■ Although defendant claims the trial court lacked jurisdiction to sentence him, his challenge is actually to the sufficiency of the information. For some time Missouri courts mistakenly followed the rule that if an indictment or information is insufficient, the trial court lacks subject matter jurisdiction. *State v. Gilmore*, 650 S.W.2d 627, 629 (Mo. banc 1983). However, in 1992 our Missouri Supreme Court put an end to this confusion, explaining that "subject matter jurisdiction of the Circuit Court and sufficiency of the information or indictment are two distinct concepts." *State v. Parkhurst*, 845 S.W.2d 31, 34–35 (Mo. banc 1992).

■ In a direct appeal of a guilty plea, our review is restricted to subject matter jurisdiction of the trial court and the sufficiency of the information or indictment. *State v. LePage*, 536 S.W.2d 834, 835 (Mo. App.1976). In two recent cases, both this court and the Missouri Supreme Court declared a guilty plea made voluntarily and understandingly waives all non-jurisdictional defenses and defects. *Maulhardt v. State*, 789 S.W.2d 835, 837 (Mo.App.1990); *Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992). The state, relying on the language of *Hagan*, argues that because sufficiency of the information and jurisdiction are two distinct concepts, and jurisdictional defects are the only type preserved for review following a guilty plea, defendant's point is unreviewable on appeal. We disagree.

When considered together, *Hagan* and *Maulhardt* appear to conflict with *LePage*. *LePage* allows appellate review of both subject matter jurisdiction and sufficiency of the information, two distinct concepts according to *Parkhurst*. In contrast, *Hagan* and *Maulhardt* allow review of only jurisdictional matters following a guilty plea. However, the apparent conflict between these cases may be explained by the confusion, prior to

*Parkhurst,* as to whether sufficiency of the information was a jurisdictional matter. If it is acknowledged that prior to *Parkhurst* (when *Hagan* and *Maulhardt* were decided) courts considered sufficiency of the information to be jurisdictional, then the term "jurisdiction" in *Hagan* and *Maulhardt* encompasses sufficiency of the information. There is no conflict between these cases because all three allow review of sufficiency of information on appeal.

■ *Parkhurst* allows a defect in the information to be raised for the first time on appeal. *Parkhurst,* 845 S.W.2d at 35. Rule 24.04(b)(2) provides that sufficiency of the information may be challenged "at any time during the pendency of the proceeding." As mentioned, defendant first challenged the information at his sentencing hearing, prior to appeal. For the reasons stated above, we believe defendant's point is reviewable as a sufficiency of the information argument. Thus, we will review it as such.

■ The scope of review for sufficiency of the information narrows when the challenge to the information is not made until after the verdict or after trial. *Parkhurst,* 845 S.W.2d at 35; *State v. Briscoe,* 847 S.W.2d 792, 794. (Mo.1993).

■ The purpose behind the rule that all essential elements of the crime must be pleaded is to prevent a defendant from being hindered in the preparation of his defense and to enable him to plead former jeopardy. *Briscoe,* 847 S.W.2d at 794–795. It is also imperative that a defendant be informed of the charges to which he is pleading guilty, in order that the defendant may make a knowing and voluntary plea. However, when a defendant challenges the sufficiency of the information for the first time after a guilty plea, we believe a narrow scope of review should apply. *Parkhurst* dealt with a similar situation where the defendant challenged the sufficiency of the information for the first time on appeal. *Parkhurst,* 845 S.W.2d at 33. Our Missouri Supreme Court allowed a challenge to the information to be raised for the first time on appeal but applied a more narrow scope of review. *Id.* at 35. The Supreme Court held:

When the issue is raised for the first time after verdict, the indictment or information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information or indictment is insufficient unless the defendant demonstrates actual prejudice.

*Parkhurst,* 845 S.W.2d at 35.

Although the second prong to the *Parkhurst* test does not apply to guilty pleas, we believe a similar narrow scope of review as utilized in *Parkhurst* should apply here where the issue of sufficiency of the information was first raised at the sentencing hearing, following a plea of guilty. When a defendant challenges the sufficiency of an indictment or information for the first time following a guilty plea, the indictment or information will be held to be sufficient unless (1) it does not by any reasonable construction charge the offense to which the defendant pled guilty and (2) the defendant demonstrates actual prejudice as a result of the insufficiency.

■ The information charged defendant with a class D felony driving while intoxicated offense which only applies to persistent offenders and it listed the enhancement statute. With the exception of the one omission in the allegation of the April 12, 1990 offense, it also listed the dates and disposition of two prior driving while intoxicated charges against defendant in the form required by Missouri Approved Charges—Criminal 31.02 (1992). We believe the information set forth sufficient facts to allow defendant to understand the charges against him and make a knowing plea of guilty.

Defendant notes that the terms "persistent offender" and "intoxication-related traffic offense" were not included in the information and argues that these terms would have aided in construction of the information. The pattern charge does not call for the use of

these terms and the state should not be required to go beyond the pattern charge. Missouri Approved Charges—Criminal 31.02 (1992). For these reasons, we believe that the information "by any reasonable construction" charges defendant as a persistent driving while intoxicated offender under § 577.023 RSMo 1994.

The information was read to defendant at his plea hearing where he was represented by counsel. Knowing the information lacked two allegations as to the persistent offender status, defendant's counsel allowed him to plead guilty to the charge of a class D felony without objecting to the information. Defendant does not allege he was prejudiced by the omission of facts in the state's information and after reviewing the record we find no actual prejudice to defendant.

Defendant failed to meet either requirement of the narrowed scope of review for post-guilty plea claims of insufficient information. Consequently, we find no error in the trial court's sentencing defendant as a persistent driving while intoxicated offender under § 577.023.

Defendant also argues that he cannot be sentenced as a persistent offender because the trial court did not specifically find him to be a persistent offender as required by § 577.023.5, RSMo 1994. As noted previously, the scope of appellate review following a guilty plea is restricted to whether the trial court had subject matter jurisdiction and whether the indictment or information was sufficient. *LePage*, 536 S.W.2d at 835. Because the findings of the trial court fall into neither of these categories, defendant's argument is unreviewable.

However, had this argument been reviewable, defendant's point would have been denied. This court, in *Boxx v. State*, 857 S.W.2d 425, 429 (Mo.App.1993), examined the necessity of specific findings of fact regarding persistent offender status. Although *Boxx* involved § 558.021.1, RSMo 1994 rather than § 577.023.5, RSMo 1994, which is at issue in the instant case, the language of the two sections is virtually identical. For that reason we extend the applica-

tion of *Boxx* to § 577.023.5, RSMo 1994. In *Boxx*, this court determined:

> The statute no longer requires specific findings of fact. Furthermore, if there is evidence to support the finding that Defendant is a persistent offender, the trial court's failure to make specific findings is only a procedural deficiency.

*Boxx*, 857 S.W.2d at 429. (citations omitted).

*Boxx* may be distinguished from this case because in *Boxx* the trial court, in its order stated: "Court further finds defendant to be a PRIOR and PERSISTENT OFFENDER, as alleged." *Id.* Although the exact words were not used in the instant case, we believe a similar finding was made by the trial court. In its judgment, the court found defendant guilty of a class D felony DWI, which is reserved for persistent offenders only. In effect, the trial court in this case found defendant to be a persistent offender. Point denied.

Judgment affirmed.

REINHARD, P.J., and GRIMM, J., concur.