**STATE of Missouri, Plaintiff-Respondent,**

v.

**Huey Herbert FINLEY, Defendant-Appellant.**

No. 14181.

Missouri Court of Appeals, Southern District, Division One.

Jan. 27, 1986.

Jon S. Hutcheson, Houston, for defendant-appellant.

Brad D. Eidson, Houston, for plaintiff-respondent.

GREENE, Judge.

Defendant, Huey Herbert Finley, after jury trial, was convicted of the offenses of driving while intoxicated and speeding. Finley was fined $50 on the speeding charge, and, after a finding that he had a prior intoxication-related traffic offense, was sentenced to 90 days in jail for driving while intoxicated.

On appeal, Finley contends that the trial court committed prejudicial error by suggesting to the prosecuting attorney, after completing his cross-examination of Finley, that he reopen his cross-examination to inquire of Finley whether he had any prior criminal record.

Facts disclosed by the record show that shortly after midnight on October 17, 1984, Finley and a friend, Kent Curtis, who were driving separate motor vehicles in close proximity to one another, were stopped by Missouri State Highway Patrolmen Seiner and McNeill near the intersection of Highway 63 and Route RA in Texas County, Missouri. The vehicles driven by Finley and Curtis had been clocked by Seiner, through use of a radar gun, at speeds of approximately 70 miles per hour. Seiner, after talking to Finley, and having him perform a field sobriety test, was of the opinion that Finley was intoxicated. A breathalyzer test later administered to Finley showed that his blood alcohol content was .12% by weight, which amount presumes intoxication.

The amended driving while intoxicated charge alleged that on or about October 17, 1984, Finley was operating a motor vehicle upon a public highway while in an intoxicated condition. It further alleged that on September 14, 1982, Finley had been convicted of "driving while blood alcohol was over .10%." The effect of the prior conviction allegation was that, if proven, it would change the classification of the charge of driving while intoxicated from a class B misdemeanor, § 577.010.2,[1] to a class A misdemeanor, § 577.023.2, which would cause Finley to be punished more severely if convicted. Section 577.023.5 provides that, in the event of a jury trial, the facts sufficient to sustain a finding that defendant is a prior offender shall be "pleaded, established and found prior to submission to the jury outside of its hearing."

Immediately before trial, the trial court, outside the presence of the jury, conducted a hearing on the prior conviction issue, during which Finley admitted the alleged prior offense. Near the close of the hearing, the following dialogue occurred:

Mr. Hutcheson: Your Honor, there is one other thing. As a result of the findings of this court with respect to the prior alcohol-related offense it is my understanding that that matter is no longer before the jury. Therefore, I would advise the Court that it is my position that the jury, as far as any documents relating to this instance or any other material that would be in their presence, that the jury should not know in any way, shape or form that my client had this prior alcohol-related offense unless that matter comes up during the course of proper testimony in this case.

The Court: Mr. Prosecutor.

Mr. Eidson: I have no intention of mentioning it or referring to it other than something unexpected coming up during the course of the trial.

The Court: Very well. Mr. Hutcheson's request then is granted. I will, however, advise the jury during the reading of 1.02 that there are two charges here. One at driving while intoxicated a Class A misdemeanor.

Mr. Hutcheson: That's fine, Your Honor.

The Court: And speeding, a Class A misdemeanor. And that's all I'll say. I don't believe they know the distinction, surely, between B's and A's and seconds and firsts.

The trial then commenced.

At the conclusion of the state's case, Finley took the stand to controvert the testimony of the two state troopers as to the position on the highway of the vehicles driven by Finley and Curtis at the time of the radar check, and deny being drunk at the time of his arrest. At the conclusion of the testimony, the prosecuting attorney conducted a vigorous cross-examination regarding matters raised by Finley in his testimony. At no time during the direct or cross-examination was Finley questioned regarding prior convictions. At the conclu-

---

1. All citations to statutes in this opinion refer to RSMo Supp.1984.

sion of his cross-examination, the prosecutor said, "That's all. Thank you." At that point, the following conversation occurred:

The Court: Just a moment, sir. Keep your seat.

Would you gentlemen approach the bench, please.

(Counsel approached the bench and the following proceedings were had:)

The Court: Let the record show that this is a conference with counsel at the bench out of the hearing of the jury.

No inquiry as to a prior conviction?

Mr. Hutcheson: Well, now, Your Honor, I'm going to make an objection to that.

The Court: All right. You go ahead.

Mr. Hutcheson: If the prosecutor wants to ask him questions, that's fine. I think the Prosecutor has asked him his questions and he said nothing further. I think that should be the end of it.

The Court: I'm inquiring of you, Mr. Prosecutor.

Mr. Eidson: Yes, sir.

The Court: Are you not going to inquire as to a prior conviction?

Mr. Eidson: No, I will.

(Proceedings returned to open court.)

The Court: Thank you, sir, you may step down.

Mr. Eidson: Did you understand my answer, Your Honor.

The Court: I must have misunderstood it. Keep your seat again. I must have misunderstood. Would you approach the bench again, please. Mr. Hutcheson, please.

(Counsel approached the bench and the following proceedings were had:)

The Court: I must have misunderstood. I thought you told me you were not going to ask him that question.

Mr. Eidson: I said, I will.

The Court: Oh, all right. If you want to for the record—

(Proceedings returned to open court.)

Mr. Hutcheson: Your Honor, at this time I'm going to object to the State asking the Defendant any further questions. The State has indicated that he had no further questions.

The Court: Be overruled.

The prosecutor then reopened his cross-examination, and asked Finley if he had ever been convicted of any criminal offense, to which Finley responded tht he had been "convicted of BAC, blood alcohol content, in 1982."

In defense of the trial court's inquiry in question, the state contends that a trial judge has broad discretion in determining whether to permit the state to reopen its case for the purpose of introducing additional evidence, and that a prosecutor has a right to impeach the testimony of a defendant, in a criminal case who takes the stand in his own defense, by inquiring about past convictions on cross-examination. Both contentions are correct, but do not address the issue raised here, which is how far a trial judge may go in interjecting himself, sua sponte, through question, comment, or demeanor, into the fray of a jury trial, without prejudicing a defendant's right to a fair and impartial trial that is guaranteed to him by the United States and Missouri constitutions.

While presiding over a trial, a judge should conduct himself in a manner that promotes public confidence in his integrity and impartiality. Rule 2 (Code of Judicial Conduct, Canon 2A); *State v. Davis*, 653 S.W.2d 167, 177 (Mo. banc 1983).

■ Suggesting that the attorneys ask further questions to clarify testimony given by witnesses, or to establish a technical element of proof required by law, such as venue, are permissible and do no violence to the rule regarding impartiality on the part of the trial judge. *See State v. Johnson*, 454 S.W.2d 27, 30 (Mo.1970); *State v. Tally*, 22 S.W.2d 787, 789 (Mo.1929); *State v. Roddy*, 604 S.W.2d 32, 33 (Mo.App.1980); *State v. Preston*, 583 S.W.2d 577, 584 (Mo. App.1979). However, the judicial pronouncements made in *Johnson, Tally, Roddy,* and *Preston* do not address the problem in this case.

 Here, the prosecutor was given judicial permission to reopen his cross-examination, after a pointed suggestion from the trial judge that he do so, for the sole purpose of soliciting prejudicial admissions from Finley which were 1) not related to anything Finley had said in answer to questions on direct or cross-examination, 2) not to be used to supply a necessary technical element of proof, such as venue, and 3) not intended to clarify any statement made by Finley or any other witness during their testimony.

While the prosecutor could have, during his cross-examination, questioned Finley regarding prior convictions, for the purpose of affecting his credibility, he did not do so. It was improper for the trial judge to assume the prosecutor's role as an advocate for the state by suggesting that the prosecutor should impeach Finley's testimony by proof of a prior conviction. By abandoning his time-honored role of neutrality, the trial judge committed reversible error. *Mahaney v. Kansas City, Clay County & St. Joseph Auto Transit Co.*, 329 Mo. 793, 46 S.W.2d 817, 819 (1932).

Since the case must be retried, we also note that the trial court gave an incorrect verdict form to the jury for use in the event they found Finley guilty of driving while intoxicated. It read, "We, the jury, find the defendant, Huey Herbert Finley, guilty of driving while intoxicated in the second degree, as submitted in instruction No. 7." There is no Missouri statute making driving while intoxicated *in the second degree*, or in any other degree for that matter, a crime. The fact that the jury made a written inquiry as to the "meaning of second degree" during their deliberations indicates their confusion over the verdict form. The record indicates that the meaning of such term, if there was one, was never explained to them. The verdict form was improper.

Other claimed trial court errors raised on appeal, such as insufficiency of the evidence to sustain the conviction and violation of the rule excluding witnesses from the courtroom during testimony of other witnesses, have no merit.

The judgment and sentences are reversed, and the cause is remanded for new trial.

TITUS, P.J., and FLANIGAN, J., concur.