**STATE of Missouri, Respondent,**

v.

**Jimmy L. DEWEESE, Appellant.**

**No. WD 38329.**

Missouri Court of Appeals,
Western District.

April 14, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1987.

Application to Transfer Denied
July 14, 1987.

Sean D. O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

The defendant DeWeese was found guilty by a jury of three counts of carrying a concealed weapon. As a persistent offender he received five year consecutive sentences on each count.

DeWeese does not question the sufficiency of the evidence. The testimony showed a woman approached DeWeese in a bar and offered to drive him, along with her child, to a nearby park. DeWeese took with him a brown grocery sack which had the top folded over. When they got to the park a police car pulled up behind the woman's car—the two officers believed DeWeese might be armed so they stationed themselves on both sides of the car. They saw the sack between DeWeese's legs. After consent from the woman driver, the car was searched and the bag was found to contain a loaded revolver, a loaded automatic pistol and a knife.

 The first point on appeal concerns the court's finding DeWeese a persistent offender. The point states the statute, § 558.021.1 RSMo Cum.Supp.1984, requires the court to find the accused a persistent offender "beyond a reasonable doubt." DeWeese states the records of some of the prior convictions offered in evidence did not have birthdates on them, to which the judge stated:

> THE COURT: I would say that the *preponderance of the evidence* here would indicate that you have the right defendant all the way through here. I feel that failure to include a birthdate on here or social security number or any other particular identifying number is not fatal to the reception of these documents or the use thereof in proving prior convictions (emphasis added).

DeWeese says the court's reference to "preponderance" does not square with the "beyond reasonable doubt" standard for prior convictions. The point is not well taken—eleven convictions since 1964 were introduced, all having the exact same name as the defendant. As to prior convictions,

DeWeese admitted, "there are plenty of them." The fact the court said "preponderance" does not in and of itself make the error prejudicial. *State v. Weimer*, 658 S.W.2d 77, 80 (Mo.App.1983). The identity of names made a prima facie showing the person in the record was in fact the defendant for the purpose of invoking habitual criminal act. *State v. Mays*, 622 S.W.2d 21, 23 (Mo.App.1981). There was no variance between the names in the records and that of the defendant. *State v. Fitzpatrick*, 676 S.W.2d 831, 838 (Mo. banc 1984). DeWeese offered no evidence to rebut the state's prima facie case, *Mays, supra,* at 23, and coupled with his admissions of prior convictions, *Kelly v. State*, 623 S.W.2d 65, 68 (Mo.App.1981), his point is denied.

For his second point DeWeese makes the following claim:

> THE TRIAL COURT ERRED IN FAILING TO REMAIN A NEUTRAL AND DETACHED ARBITER IN THAT THE TRIAL COURT MANIFESTED PARTIALITY AGAINST APPELLANT BECAUSE THE TRIAL COURT TOOK ACTION IN FAVOR OF THE STATE AND AGAINST APPELLANT WHICH DEMONSTRATED A PARTIALITY WHICH WAS CONVEYED EXPLICITLY OR IMPLICITLY TO THE JURY BY THE COURT'S DEMEANOR DURING THE TRIAL.

DeWeese cites several examples, almost all out of the hearing of the jury, which he claims showed the court's prejudice in this case. DeWeese points out the judge "coached" the prosecution; called the defense "preposterous;" scolded defense counsel for trying to embarrass a police witness during cross-examination; that the court was disturbed by defense counsel's style as being unlike any he had seen in his years of experience as a trial attorney; and the court felt it was its duty to intervene in an improperly tried case to insure it was tried correctly.

DeWeese relies on *State v. Finley*, 704 S.W.2d 681 (Mo.App.1986), where the cause was reversed after the trial court suggested the re-opening of cross-examination to allow the state to elicit admissions, "aban-

doning his time honored rule of neutrality." *Id.* 684, and on *State v. Lovelady,* 691 S.W.2d 364 (Mo.App.1985), where the trial court erred in failure to disqualify after "blunt and unnecessary criticism" of counsel, which could make an impartial onlooker reasonably question whether the judge was impartial. *Id.* at 365 and 367–68.

■ Review of this point is under plain error. Rule 30.20. There is no showing in the record the jury perceived the court's alleged feelings toward the defense of the case. *See State v. Mitchell,* 622 S.W.2d 791, 799 (Mo.App.1981), where the court "made a face" when the defendant attempted an objection. DeWeese was apparently an escapee from an honor center when apprehended. At trial he attempted to show the woman driver was the owner and possessor of the weapons. The general rule is to the effect remarks or suggestions of the court outside the presence of the jury do not deny the defendant a fair trial. *State v. Tygart,* 673 S.W.2d 83, 87 (Mo.App.1984); *State v. Cannon,* 692 S.W.2d 357, 360 (Mo.App.1985). The point is denied.

The last point concerns the instructional error by deviating from guilt being determined other than beyond a reasonable doubt. MAI–CR2d 1.02 and 2.20. This point has been determined adversely to defendants raising similar arguments in numerous cases including *State v. Turner,* 705 S.W.2d 108, 110 (Mo.App.1986); *State v. Stinson,* 714 S.W.2d 839, 841–42 (Mo.App.1986); *State v. Gunter,* 715 S.W.2d 576, 578–79 (Mo.App.1986).

The judgment is affirmed.

All concur.