**STATE of Missouri, Respondent,**

v.

**Rodney SHARP, Appellant.**

**No. ED 77687.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 6, 2001.

Mary S. Choi, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Defender, Susan L. Brown, Asst. Atty. Gen., Jefferson City, MO, for respondent.

MOONEY, Presiding Judge.

Defendant Rodney Sharp appeals from the sentence imposed on his plea of guilty. Because we lack jurisdiction to review the claim raised by defendant in this direct appeal, we dismiss the appeal.

The State charged defendant with committing, on March 7, 1997, the felonies of receiving stolen property, in violation of section 570.080, RSMo 1994, and resisting arrest, in violation of section 575.150, RSMo Cum.Supp.1999.[1] In addition, the State's information alleged that defendant was a prior and persistent offender because he had previously pleaded guilty to two felonies committed at different times, namely: 1) possession of cocaine, committed on November 11, 1988, and 2) possession of phencyclidine, committed on March 24, 1988.

On July 13, 1998, defendant entered an *Alford*[2] plea to the charges of receiving stolen property and resisting arrest. The State then made an oral offer of proof of defendant's prior convictions for possession of cocaine and possession of phencycli-

---

1. Defendant was also charged with the misdemeanor of leaving the scene of an accident. However, that charge is not relevant to any issues raised in Defendant's appeal.

2. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

dine. The trial court sentenced defendant as a prior and persistent offender to two concurrent ten-year terms of imprisonment. The court suspended execution of sentence and placed defendant on three years' probation. After defendant violated the terms of probation, the court ordered execution of the concurrent ten-year sentences.

Defendant moved to vacate his sentence under Rule 24.035 because the trial court failed to strictly comply with the procedures used to sentence a defendant as a prior and persistent offender. After the State confessed judgment, the motion court granted defendant's Rule 24.035 motion, vacated his sentence, and set the cause for resentencing.

On March 15, 2000, the State filed an amended information in lieu of indictment. In its amended information, the State dropped its allegation that defendant pleaded guilty to possession of phencyclidine and substituted an allegation that he previously pleaded guilty to possession of cocaine, committed on March 29, 1989. At resentencing, the State offered two exhibits: Exhibit A, evidencing defendant's conviction for possession of cocaine, committed on November 11, 1988; and Exhibit B, evidencing defendant's conviction for possession of cocaine, committed on March 29, 1989. Both exhibits listed a social security number different from the social security number listed for defendant in the State's information. The resentencing court found defendant was a prior and persistent offender, and resentenced him to two concurrent ten-year terms of imprisonment. Defendant appeals from this judgment resentencing him.

■ In his only claim of error, defendant asserts the resentencing court erred in finding he was a prior and persistent offender because the State offered insufficient evidence. More specifically, defendant argues: 1) the resentencing court erroneously based its finding upon proof of a prior conviction that was not alleged in the State's initial information, but, instead,

was only alleged in the State's amended information; and 2) the discrepancy between the social security numbers listed in Exhibits A and B and the social security numbers listed in the State's information created serious doubt about the identity of the Rodney Sharp referenced in the exhibits.

■ We lack jurisdiction to review defendant's point. In a direct appeal of a guilty plea, our review is restricted to the subject-matter jurisdiction of the trial court and the sufficiency of the information or indictment. *State v. Sparks*, 916 S.W.2d 234, 236 (Mo.App. E.D.1995); *State v. LePage*, 536 S.W.2d 834, 835 (Mo.App. W.D.1976). Here, defendant complains about the evidentiary basis for the trial court's finding he was a prior and persistent offender. He makes no claim concerning the trial court's subject-matter jurisdiction or the sufficiency of the information.

■ Defendant's appropriate remedy was to file another Rule 24.035 motion challenging his sentence. Rule 24.035 allows persons who pleaded guilty to a felony charge to challenge the legality of their sentences in the sentencing court. *Schleeper v. State*, 982 S.W.2d 252, 254 (Mo. banc 1998); *Reynolds v. State*, 939 S.W.2d 451, 453 (Mo.App. W.D.1996). Further, the Rule provides the exclusive procedure to make such a challenge. Rule 24.035(a) (emphasis added). Because defendant's claim concerns neither the trial court's jurisdiction nor the sufficiency of the charged crimes, his appeal is dismissed. *See, LePage*, 536 S.W.2d at 836.

■ Furthermore, even if we had authority to review defendant's arguments, they have no merit. First, the resentencing court did not err in permitting the State to amend its information alleging defendant was a prior and persistent offender. When a trial court erroneously sentences a defendant as a repeat offender, "the appropriate remedy is a limited

remand for the purpose of permitting the State ... to amend the information and submit proof supporting repeat offender sentencing." *State v. Martin,* 882 S.W.2d 768, 772 (Mo.App. E.D.1994); *Vickers v. State,* 956 S.W.2d 405, 407 (Mo.App. S.D. 1997). Second, the resentencing court did not err in finding that defendant committed the crimes described in Exhibits A and B. The existence of Rodney Sharp's name on both exhibits made a prima facie showing the person in the record was in fact the defendant for the purpose of enhancing sentencing. See *State v. Deweese,* 731 S.W.2d 302, 303 (Mo.App. W.D.1987). Defendant offered no evidence to rebut the State's prima facie case.

Defendant's appeal is dismissed.

SIMON and SULLIVAN, JJ., concur.