**STATE of Missouri, Plaintiff–Respondent,**

v.

**James A. CARTER, Defendant–Appellant.**

No. 23974.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 31, 2001.

Motion for Rehearing and Transfer to Supreme Court Denied Nov. 21, 2001.

Application for Transfer Denied Jan. 22, 2002.

Henry W. Cummings, St. Charles, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., for respondent.

NANCY STEFFEN RAHMEYER, Judge.

James A. Carter ("Appellant") appeals from his conviction of assault in the first degree after making an Alford plea. This court does not have jurisdiction to decide the case, therefore, we dismiss the appeal.

A plea agreement was reached in Appellant's criminal case. Appellant made an Alford plea to the charge of assault in the first degree under § 565.050, RSMo 2000. Pursuant to that plea he was sentenced to a ten-year term of imprisonment. Appel-

lant filed a direct appeal to this court, claiming three errors: 1) he received ineffective assistance of counsel; 2) his guilty plea was based upon a misunderstanding of the plea agreement; 3) errors in the pre-sentence report resulted in a harsher sentence than Appellant should have received. This court does not have jurisdiction to address his claims of error.

It is well settled that in a direct appeal from a guilty plea this court has jurisdiction to address only the trial court's subject matter jurisdiction and the sufficiency of the information or indictment. *State v. Sharp*, 39 S.W.3d 70, 72 (Mo.App. E.D.2001). Appellant raises neither of those issues in his appeal. Rather, he is concerned about the sentence he received from the trial court after pleading guilty. Such claims of error must be raised through the procedures found in Rule 24.035.[1] *Id.* Rule 24.035(a) specifically applies to a claim of ineffective assistance of counsel or an excessive sentence. Rule 24.035 is the exclusive remedy for such a challenge. *Id.*

Appellant cannot seek the review he requests by direct appeal. *State v. Carrillo*, 935 S.W.2d 328, 329 (Mo.App. S.D.1996). Having no authority to review Appellant's arguments, his appeal is dismissed.

GARRISON, P.J., and PARRISH, J., concur.

---

1. All rule references are to Supreme Court Rules (2001), unless otherwise stated.