[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 2, 2008
THOMAS K. KAHN
CLERK

No. 07-12699
Non-Argument Calendar
_____

D. C. Docket No. 04-00020-CR-002-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM L. BROXTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 2, 2008)

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

William Broxton appeals from his 300-month sentence following his convictions for conspiracy to steal U.S. mail, 18 U.S.C. §§ 371 and 1708; theft of U.S. mail, 18 U.S.C. § 1708; interstate transportation of stolen property, 18 U.S.C.

§ 2314; possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2); misleading statements, 18 U.S.C. § 1512(b)(3); money laundering, 18 U.S.C. § 1957; and possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) and (b)(1)(C). On appeal, Broxton argues that the district court erred by: (1) using hearsay in determining his sentence, in violation of the Confrontation Clause; and (2) imposing an unreasonable sentence when it varied from a guidelines range of 97-121 months' imprisonment to a total sentence of 300 months' imprisonment. After careful review, we affirm.

If a defendant does not raise his allegation of sentencing error before the district court, we review the issue only for plain error. United States v. Dudley, 463 F.3d 1221, 1227 (11th Cir. 2006) (reviewing for plain error a defendant's argument, raised for the first time on appeal, that the district court erred during sentencing by relying on hearsay testimony in violation of the Confrontation Clause). "Under plain error review, there must be (1) an error, (2) that is plain, and (3) affects substantial rights. When these three factors are met, we may exercise discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id. (citation omitted). We review the ultimate sentence the district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh,

515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

First, Broxton has not shown that the district court erred by using hearsay in determining his sentence in violation of the Confrontation Clause. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). In Crawford v. Washington, 541 U.S. 36, 68 (2004), the Supreme Court held that the defendant's Sixth Amendment rights under the Confrontation Clause prohibit the use of "testimonial" hearsay unless the witness was unavailable at trial and the defendant had a prior opportunity to cross-examine him. However, we have refused to extend Crawford to the sentencing context, and have held that a sentencing court may consider reliable hearsay in determining a defendant's sentence. United States v. Baker, 432 F.3d 1189, 1253-54 & n.68 (11th Cir. 2005) (observing that, because Crawford did not address sentencing, the use of reliable hearsay at sentencing was unaltered by that decision).

Here, there is no evidence that the statements Broxton complains of were actually used during his -- as opposed to his codefendant's -- sentencing hearing. However, even if these statements, or any other alleged hearsay, were used at Broxton's hearing, their use would not violate his rights because we permit the use

of reliable hearsay at sentencing. See id. Thus, applying a plain error standard of review -- which we must since Broxton did not raise this objection before the district court -- we cannot say that the district court erred, much less plainly erred, in relying on hearsay when imposing Broxton's sentence.

Broxton likewise has not demonstrated that his sentence is unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[1] If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

4

circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each § 3553(a) factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). It is sufficient if the district court acknowledges that it considered the § 3553(a) factors. Id. at 1330.

In United States v. Turner, 474 F.3d 1265, 1274, 1280-81 (2007), we addressed the sentence of Broxton's codefendant and determined that her sentence, including the upward variance from a guidelines range of 51-63 months to a total term of imprisonment of 240 months, was reasonable. We noted that the district court stated that it considered, among other things, the § 3553(a) factors and noted how some of them applied to Turner's case. In addition, the district court found the guidelines range inadequate due to Broxton and Turner's discussions about how, if Broxton had been home when the federal agents had come to execute the search warrant at his and Turner's house, he would have killed the federal agents and the two of them would have then fled the country. Id.

The district court used almost identical language to explain the sentences of both Turner and Broxton, and imposed a very similar upward variance in both cases. In so doing, district court expressly considered the § 3553(a) factors and how relevant factors applied to Broxton, and stated its concern about Broxton's telephone conversations regarding murdering federal agents. On this record, Broxton's sentence -- for many of the same reasons as Turner's -- was reasonable, Turner, 474 F.3d at 1281, and Broxton has not met his burden of showing otherwise. Accordingly, we affirm.

**AFFIRMED.**