**STATE of Missouri, Respondent,**

v.

**Jesse C. GOODUES, Appellant.**

**No. ED 91261.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 10, 2009.

Brocca L. Smith, Scott Rosenblum, Rosenblum, Schwartz, Rogers & Glass, P.C., St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Jamie Pamela Rasmussen, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Jesse Goodues (Appellant) appeals from the judgment and sentence imposed by the trial court after his plea of guilty to the charges of involuntary manslaughter, in violation of Section 565.024,[1] RSMo 2000. Because the claim raised by Appellant is not cognizable by direct appeal, we dismiss the appeal.

The State charged Appellant by information with first-degree involuntary manslaughter, a class B felony, in violation of

Section 565.024. The information charged that:

> [O]n or about September 7, 2006, in the County of Jefferson, State of Missouri, [Appellant], while under the influence of alcohol, caused the death of Krystie Mobley–Ward by colliding with the vehicle that Mobley–Ward was driving when operating a motor vehicle with criminal negligence in that defendant was speeding and driving on the wrong side of the road.

On December 18, 2007, Appellant pled guilty without a plea agreement. A pre-sentence investigation report was ordered and on February 20, 2008, the trial court sentenced Appellant to eight years of incarceration.

Appellant later filed a Motion to Review Sentence under Section 559.115 in which he argued the trial court did not properly consider the mitigating factors present in sentencing Appellant to eight years of imprisonment. On April 24, 2008, a hearing was held on Appellant's motion. At the hearing the trial court stated:

> I will state for the record that at the time sentence was imposed, all parties to this matter, including the prosecutor, defense counsel, and the Court, were unaware that the defendant would be required to serve eighty-five percent of the sentence imposed. That was discussed at the sentencing because of a reference to an eighty-five percent in the probation report. Everyone was given an opportunity to tell me that that was a correct interpretation, and no one responded that it was. Which leads me to the conclusion that no one knew that at the time.
>
> When the Court imposed sentence, the Court was thinking in terms of the defendant serving more likely something

---

1. All statutory references are to RSMo 2000, unless otherwise stated.

in the range of fifty percent of the sentence, and not the eighty-five percent that is mandated by the statute.

Despite this acknowledgment, the trial court found that it was without authority to review Appellant's sentence. This Court granted Appellant leave to file a Notice of Appeal out of time. Appellant filed his Notice of Appeal on June 27, 2008. This appeal follows.

In his only claim of error, Appellant asserts the trial court erred when it sentenced him to eight years of imprisonment because the sentence was based upon the trial court's mistaken belief that Appellant would be eligible for parole upon completing fifty percent of the sentence, when in fact, Appellant was statutorily required to serve eighty-five percent of the sentence to become eligible for parole. Appellant alleges the trial court's sentence violates the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 10, and 18(a) of the Missouri Constitution.

We lack the authority to review Appellant's point on appeal. Although the record reflects that the trial court and the parties were mistaken as to the portion of the sentence Appellant would have to serve, this error does not afford Appellant a basis upon which he may directly appeal his conviction to this court.[2] Because Appellant cannot seek the review he now requests by direct appeal, we are left with no alternative but to dismiss his appeal.

■ It is well settled that in a direct appeal from a guilty plea, this court's review is restricted to the subject-matter jurisdiction of the trial court or the sufficiency of the information or indictment. *State v. Klaus*, 91 S.W.3d 706, 706 (Mo.

App. E.D.2002); *State v. Sharp*, 39 S.W.3d 70, 72 (Mo.App. E.D.2001); *State v. Carter*, 62 S.W.3d 569, 570 (Mo.App. S.D. 2001); *State v. Sparks*, 916 S.W.2d 234, 236 (Mo.App. E.D.1995). Appellant raises neither of these issues in this direct appeal. Instead, Appellant argues that the trial court erred in imposing its sentence because of its reliance on a mistaken belief as to the required time Appellant must serve before eligibility for parole. Appellant's claim falls outside this Court's limited parameter of review of guilty pleas.

■ Citing *State v. Rowan*, 165 S.W.3d 552 (Mo.App. E.D.2005), Appellant argues that a materially mistaken belief regarding the amount of time a defendant must serve on his sentence, even when the sentence is within the proper range of punishment, results in an unlawful sentence and requires remand for resentencing. Defendant's reliance on *Rowan* is misplaced as the facts of *Rowan* are materially distinguishable from the facts of the case before us. Importantly, *Rowan* involved a direct appeal from a judgment *following a jury trial*. Appellant's claim involves an appeal *following a guilty plea*. This distinction is critical to our resolution of this case. *Rowan* does not involve a guilty plea, and does not address the scope of appellate review of guilty pleas. *Rowan* provides no guidance to this Court, and presents no divergence from the well settled principle that our authority to consider a direct appeal from a guilty plea is limited to instances where the subject-matter jurisdiction or the sufficiency of the information is being challenged. *Klaus*, 91 S.W.3d at 706.

■ Challenges to the legality of a sentence imposed on a defendant following a

---

**2.** Prior to amendments passed in 2005, Section 565.024 did not include the requirement that a defendant serve eighty-five percent of

his sentence where the defendant caused a death with a blood alcohol content over 18.

guilty plea to a felony charge may be considered by the trial court in response to a Rule 24.035 motion. *Id.*; *Sharp,* 39 S.W.3d. at 72. Appellant's appropriate remedy was to file a Rule 24.035 motion challenging his sentence.

Having no authority to review Appellant's arguments, his appeal is dismissed.

GLENN A. NORTON, J., and PATRICIA L. COHEN, J., Concur.