Curtis L. MARTIN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 69645.

Missouri Court of Appeals,
Western District.

Aug. 4, 2009.

Gary E. Brotherton, Columbia, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before: THOMAS H. NEWTON, C.J., HAROLD L. LOWENSTEIN, and JAMES EDWARD WELSH, JJ.

THOMAS H. NEWTON, Chief Judge.

Mr. Curtis L. Martin appeals the denial of his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. Mr. Martin pled guilty to first-degree domestic assault, section 565.072, and kidnapping, section 565.110, and received concurrent terms of thirteen years, the maximum sentence under his plea agreement. He contends the sentencing court relied on prejudicial hearsay within pre-sentence investigation (PSI) reports and deprived him of his constitutional rights to due process of law and right to be confronted with witnesses against him. We affirm.

**Factual and Procedural Background**

A grand jury charged Mr. Martin with the class A felony of first-degree domestic assault, section 565.072,[1] the unclassified felony of armed criminal action (ACA), section 571.015, and the class B felony of

1. Statutory references are to RSMo 2000 and the Cumulative Supplement 2005.

kidnapping, section 565.110. Pursuant to plea negotiations, the State filed an information in lieu of indictment reducing the charge of first-degree domestic assault to a class B felony and eliminating the ACA charge. The plea agreement stipulated that that there would be a PSI report, a thirteen-year maximum sentence on each count, and that the sentences would run concurrently.[2] On October 17, 2005, Mr. Martin pled guilty.

Sentencing was held on December 9, 2005. The State presented the victim's testimony about the crimes and their ongoing effects, photos of her injuries and burns, and a PSI with supplemental reports. Included within the PSI was a record showing that Mr. Martin had been arrested in 1993, in Lawrence, Kansas, for aggravated assault and for making terrorist threats. These charges were dismissed. One of the supplemental PSI reports contained the 1993 police report, which recounted the events leading to Mr. Martin's arrest, and included comments from the alleged victim, M.T. The Probation and Parole Officer subsequently interviewed M.T. and documented these statements in an additional PSI supplement.

Defense counsel requested that the sentencing court not consider the two reports dealing with Mr. Martin's 1993 arrest. Counsel asserted that they were municipal charges that had been dismissed after Mr. Martin pled not guilty. Counsel argued that the State should be required "to prove these allegations if they want the Court to consider them to at least a preponderance of the evidence." Moreover, because M.T. was not at the hearing, he had no opportunity to cross-examine her. Because Mr. Martin did not have a chance to "test the [veracity] or credibility of [the] witness,"

counsel argued it would violate his due process rights for the court to consider the information in the reports.

The sentencing court acknowledged that the defense had no opportunity to cross-examine M.T., but noted the similarity to the crimes for which Mr. Martin was being sentenced and that it understood it was "allowed to consider material like that." The court then offered to recess for a week to give Mr. Martin the opportunity to depose the alleged 1993 victim. However, Mr. Martin chose to continue.

Mr. Martin presented the testimony of family members and emphasized his Master's Degree and lack of prior convictions. At the conclusion of the sentencing proceeding the court commented on the crimes for which Mr. Martin pled guilty that "[i]t would be very difficult to think of anything more awful." It noted the opportunities Mr. Martin had to assist the victim after his assault, or even to just leave "which would be cold and heartless" but "a thousand times better than what [he] did." The court noted that Mr. Martin had no priors but observed that it is "possible to graduate from the no priors to the level where you are which is ought to be locked up." It sentenced Mr. Martin to the maximum under the plea agreement, thirteen years on each count, to run concurrently. The court then stated to Mr. Martin:

> [H]ave no doubt, never have any doubt that the only reason I am giving you 13 years is because I can't give you more. If it were not for the agreement with the State I would give you 15 years on Count I, I would give you 15 years on Count II, I would run them one after another. I would not blink. I would never think about you again.

2. Each class B felony subjected Mr. Martin to a sentence from five to fifteen years. *See* § 558.011.

Mr. Martin filed a pro-se Rule 24.035 motion for post-conviction relief which was amended by counsel. The amended motion alleged, *inter alia*, that the sentencing court violated Mr. Martin's constitutional rights to due process of law and right to be confronted with witnesses against him by considering hearsay related to the 1993 arrest contained within the PSI. The motion court held an evidentiary hearing. Mr. Martin's counsel testified that the late disclosure of the hearsay information affected his ability to respond to M.T.'s allegations. However, he also admitted that having M.T. at the sentencing hearing could have been adverse to his client's interests.

The motion court denied the due process claim because Mr. Martin had been offered a continuance to investigate the allegations in the PSI but had chosen not to do so. Mr. Martin appeals.

## Standard of Review

We review the denial of a Rule 24.035 motion to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 24.035(k); *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). The standard of clearly erroneous is met only if after our review of the record we are left with the definite and firm impression that a mistake has been made. *Roberts*, 276 S.W.3d at 835. The moving party must show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Id.*

## Legal Discussion

■ In his sole point on appeal, Mr. Martin argues that the motion court erred in denying his Rule 24.035 motion because the sentencing court relied on "highly prejudicial hearsay." He contends that the sentencing court deprived him of his con- stitutional rights to due process and confrontation by admitting and allegedly relying on the "mere allegations" within the PSI report.

■ Mr. Martin's sentencing hearing was held after a guilty plea. The evidentiary requirements of a sentencing proceeding do not mirror those of a criminal trial. "In the context of the sentencing phase ... evidence and argument which are not permissible in the guilt phase ... including general references to defendant's prior criminal record, are both highly relevant and permissible ...." *State v. McMillin*, 783 S.W.2d 82, 96 (Mo. banc 1990) (rejecting claim that the personal conclusions of the probation and parole officer in the PSI and summaries of interviews were highly prejudicial and inflammatory), *abrogated on other grounds by Morgan v. Illinois*, 504 U.S. 719, 725 n. 4, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992). In the punishment phase, the consideration is "not only the nature and circumstances of the crime but also the character of the defendant." *State v. Antwine*, 743 S.W.2d 51, 71 (Mo. banc 1987). Thus, "[a] wide range of evidence is admissible in the penalty phase, including victim impact evidence, the nature and circumstances of the offense, and the history and character of the defendant." *State v. Berry*, 168 S.W.3d 527, 536 (Mo.App. W.D.2005).

■ Section 557.026 provides that "[w]hen a probation officer is available to any court, such probation officer shall, unless waived by the defendant, make a presentence investigation in all felony cases and report to the court." § 557.026.1. It further provides that the PSI report "shall be prepared, presented and utilized as provided by rule of court." § 557.026.2. Missouri Rule of Criminal Procedure 29.07(a)(2) provides that:

[t]he report of the pre-sentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition, his social history, and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant.

As Respondent argues, because the PSI report as contemplated by both statute and court rule will not be based on first-hand observation, the report itself is hearsay, an "out-of-court statement offered to prove the truth of the matter asserted that depends on the veracity of the statement for its value." *See State v. Copple*, 51 S.W.3d 11, 17 (Mo.App. W.D.2001).

▆ Hearsay is generally barred from admission at trial unless it falls within an exception to the rule. *State v. Berry*, 168 S.W.3d 527, 540 (Mo.App. W.D.2005). However, Mr. Martin fails to convince us that the very information contemplated by section 557.026 and Rule 29.07 is barred from presentation at a sentencing proceeding before a judge. Mr. Martin directs us to *Berry*, a case in which we stated we believed that hearsay not within an exception should be excluded from the sentencing phase of a jury trial, "as it would be in any other jury proceeding." 168 S.W.3d at 540. However, *Berry* does not guide us on the question of whether it was error to consider the statements within a PSI at a sentencing proceeding after a guilty plea. In *Berry* we specifically noted that "[t]he rules of evidence were developed for jury trials." *Id.* Moreover, we stated that in "cases of judge sentencing as opposed to jury sentencing, hearsay is routinely permitted in the form of pre-sentencing investigations and in other ways." *Id.* at 539.

Mr. Martin also directs us to *State v. Fassero*, 256 S.W.3d 109 (Mo. banc 2008). *Fassero* also dealt with the admission of

evidence in sentencing before a jury. There the court held that a defendant's prior indictment, for which he was never convicted, had to be proven to the sentencing jury by a preponderance of the evidence. *Id.* at 119. Otherwise, the indictment was relevant to show the jury only that the defendant had been indicted, not that he had committed the acts alleged in the indictment. *Id.* As such, the indictment was not "history and character evidence" authorized by section 557.036.3. *Id. Fassero*, however, does not address a PSI report required by section 557.026, nor does it deal with the admission of information in a PSI in a sentencing hearing before a judge.

The other cases on which Mr. Martin relies are also factually and legally distinct and do not state the rule that he advocates us to apply. *See U.S. v. Ponce*, 51 F.3d 820, 828 (9th Cir.1995) (addressing burden of proof required to determine sentence degree under federal sentencing guidelines which required upward departure to be based on "reliable information";) relying on *U.S. v. Petty*, 982 F.2d 1365, 1369 (9th Cir.1993) (also addressing burden under federal sentencing guidelines), *amended by* 992 F.2d 1015 (1993). He relies heavily on *U.S. v. Broxton*, 295 Fed.Appx. 339 (11th Cir.2008) to argue that hearsay is only admissible at sentencing if shown to be reliable. *Broxton*, an unpublished opinion, read in its context, merely states that the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), did not bar the use of reliable hearsay at sentencing under the rules created by federal sentencing guidelines. 295 Fed.Appx. at 340–41.

Similarly flawed is Mr. Martin's reliance on *State v. Clevenger*, 289 S.W.3d 626 (Mo. App. W.D.2009). *Clevenger* deals with the admission of allegations in an Order of Protection offered to the jury without lim-

iting instruction in the guilt phase of a trial and thus does not address the issues in Mr. Martin's case. Also not supporting Mr. Martin is *Scharnhorst v. State*, 775 S.W.2d 241, 244–45 (Mo.App. W.D.1989). He points to *Scharnhorst* to argue that due process rights are not waived by a guilty plea and contends that *Scharnhorst* shows why his sentence must be set aside. *Scharnhorst*, however, addresses a defendant being sentenced as a persistent offender without proof of his prior crimes. *Id.* Similar to the federal cases Mr. Martin cites that deal with upward sentencing departures, *Scharnhorst* deals with the proof required for enhancement of a sentence based on facts beyond those of the charged crime. *Id.* In *Scharnhorst* it was improper to sentence a defendant as a persistent offender without an adequate factual basis because where "the extended term punishment rests on evidence of guilt of an offense other than the felony charged and involves new determinations of fact, due process requires those safeguards essential in a criminal prosecution." *Id.* at 244 (internal quotation marks and citation omitted). In Mr. Martin's case, however, his sentence was not "enhanced," nor was he sentenced as a persistent offender; in fact, his sentence was well within the statutory range. *See* § 558.011.1.

■ In Mr. Martin's related argument that his Sixth Amendment right to confrontation was violated, he relies on *Crawford*, which set requirements for the admission of testimonial hearsay in a criminal trial, 541 U.S. 36 at 68, 124 S.Ct. 1354, and *Davis v. Washington*, which held that a statement is testimonial when made in response to police interrogation where the "primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). How-

ever, as Mr. Martin and the State both acknowledge, most courts have not extended a confrontation right to sentencing proceedings. *See, e.g., U.S. v. Martinez*, 413 F.3d 239, 242 (2d Cir.2005) ("[T]he right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings."); *U.S. v. Luciano*, 414 F.3d 174, 179 (1st Cir.2005) ("[T]here is no Sixth Amendment Confrontation Clause right at sentencing."); *U.S. v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005) ("*Crawford* was concerned only with testimonial evidence introduced at trial ...."); *State v. Harris*, No. M2008–01685–CCA–R3–CD, 2009 WL 1871919, at *6 (Tenn.Crim.App. June 30, 2009) ("A broad consensus exists that the confrontation clause of the U.S. Constitution does not apply ... to the evidence adduced during sentencing."); *Harper v. Commonwealth*, 54 Va.App. 21, 675 S.E.2d 841, 844 (2009) (discussing federal and state cases finding no confrontation right in sentencing proceedings). Given the reasoning of these cases, the legislative mandate for PSI reports, and that Mr. Martin chose not to recess to depose M.T.—thus rejecting an opportunity for cross-examination—we do not see a basis to find that the motion court clearly erred on this issue.

■ Moreover, even if we were to find the PSI improper, the improper admission of evidence requires reversal only if the error was prejudicial. *Fassero*, 256 S.W.3d at 119. Prejudice in the sentencing phase requires a reasonable probability that "but for" the erroneously admitted evidence, a lesser sentence would have been imposed. *Id.* Where the proceeding is before a judge, rather than a jury, we presume that inadmissible evidence is not prejudicial. *McMillin*, 783 S.W.2d at 96.

In the present case, the sentencing judge made clear that it was appalled by

the crimes for which Mr. Martin pled guilty and the resulting damage to the victim, both physically and psychologically. Had it not been bound by the plea agreement, the court stated, it would have imposed the full thirty-year term, rather than the thirteen years Mr. Martin received. It encouraged Mr. Martin to file a Rule 24.035 motion challenging his sentence:

> So, Mr. Martin, file it. Set aside the guilty plea. Try this case to a jury. See if they don't recommend 15 on both counts and see if the judge who tries the case doesn't give you the 15 on both counts consecutively.

Mr. Martin's argument requires us to conclude that the sentencing court would not have imposed thirteen years "but for" the statements in the PSI. After our review of the record, the nature of the crimes, the victim's testimony, and the sentencing court's comments, we find this proposition implausible. Consequently, even if Mr. Martin were able to successfully argue that the PSI reports concerning his 1993 arrest should not have been admitted, we cannot conclude that "but for" this admission, he would have received less than thirteen years. Nor can we embrace his argument of clear error by the motion court where Mr. Martin had the opportunity to contest the content of the PSI reports, yet failed to do so.

### Conclusion

Because the court is not left with a definite or firm impression that a mistake was made, the findings of fact and conclusions of law of the motion court are not clearly erroneous. We affirm.

LOWENSTEIN and WELSH, JJ. concur.