STATE of Missouri, Respondent,

v.

**Cory Jermaine BROOKS, Appellant.**

No. ED 98245.

Missouri Court of Appeals,
Eastern District,
Division One.

March 5, 2013.

Craig A. Johnston, Columbia, MO, for appellant.

Chris Koster, Mary H. Moore, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Cory Brooks (Defendant) appeals the judgment and sentence imposed by the trial court following his guilty plea. We dismiss the appeal.

Appellant pleaded guilty to murder in the second degree, armed criminal action, and conspiracy. The State recommended sentences of 30 years, 30 years, and seven years, respectively, all to run concurrently. At the sentencing hearing, the State called Sergeant John Tillott to testify about Defendant's behavior in jail as described in several incident reports offered into evidence. Defendant objected on the basis of double hearsay, arguing that Sgt. Tillott was not the true custodian of the records as required by the business records exception, and the evidence offered through his testimony consisted of reports written by other officers. The trial court overruled the objection, the State laid a foundation for the admission of the incident reports as business records, and then Sgt. Tillott testified about the reports, reading certain entries into the record. Following the close of the evidence, the trial court sentenced Defendant to concurrent prison terms of 30, 15, and 7 years. Defendant now appeals, arguing that the court abused its discretion by allowing the jail incident reports into evidence through Sgt. Tillott.

■ As a preliminary matter, the State argues that the Defendant's claim is not cognizable on a direct appeal from a guilty plea. Indeed, "in a direct appeal from a guilty plea, this court's review is restricted to the subject matter jurisdiction of the trial court or the sufficiency of the information or indictment." *State v. Goodues*, 277 S.W.3d 324, 326 (Mo.App. 2009). See also *State v. Sharp*, 39 S.W.3d 70, 72 (Mo.App.2001); *State v. Carter*, 62 S.W.3d 569 (Mo.App.2001); and *State v. Sparks*, 916 S.W.2d 234 (Mo.App.1995). Defendant challenges neither the trial court's jurisdiction nor the sufficiency of the indictment. Rather, Defendant challenges an evidentiary ruling made during the sentencing hearing after his guilty plea. The proper procedural vehicle for

challenging the legality of a sentence following a guilty plea is a motion for post-conviction relief under Rule 24.035. *Goodues*, 277 S.W.3d at 326–327. See also *Martin v. State*, 291 S.W.3d 846 (Mo.App. 2009) (reviewing claim of hearsay violation in sentencing hearing raised in Rule 24.035 motion for post-conviction relief).

To support the contention that his claim is cognizable on direct appeal, Defendant cites *State v. Craig*, 287 S.W.3d 676, 679–80 (Mo.2009). There, defendant Craig agreed to plead guilty to the class B misdemeanor of driving while intoxicated, but he contested elements of the State's charging document alleging prior offenses for purposes of enhancement to a class C felony. The trial court sentenced Craig as an aggravated offender, Craig appealed as to the enhancement, and the State argued that his point was not cognizable on direct appeal. While recognizing the aforementioned principles differentiating direct appeal and post-conviction relief, the Supreme Court of Missouri held that Craig's particular claim was cognizable on direct appeal because "Craig did not plead guilty to the charged offense.... He admitted to facts establishing certain elements of the offense but specially requested a hearing to contest those facts establishing the applicability of the prior intoxication-related traffic offenses." *Craig*, 287 S.W.3d at 680. In short, Craig "bifurcated the proceedings and litigated whether his sentence was subject to enhancement." *Id.*

Such is not the case here. It is undisputed that Defendant pleaded guilty to the offenses in question. The sentencing phase did not examine whether his sentence was subject to enhancement but merely informed the court's imposition within the permissible range for the offenses already pleaded. As such, Defendant's reliance on the specific factual outcome of *Craig* is unavailing. Instead, to the extent applicable here, *Craig* simply confirms the established principles stated by this court in *Goodues, Sharp*, and *Sparks*, directing our conclusion that Defendant's claim is not cognizable on direct appeal, so his appeal must be dismissed.

■ Even had we the authority to review the merits of Defendant's point, we would find no error or abuse of discretion in the court allowing Sgt. Tillott to read the jail incident reports into the record. The evidentiary requirements of a sentencing proceeding do not mirror those of a criminal trial; evidence that is not permissible in the guilt phase *is* permissible in the sentencing phase. *Martin*, 291 S.W.3d at 849 (upholding the admission of hearsay in the form of pre-sentencing investigation reports). "In cases of judge sentencing as opposed to jury sentencing, hearsay is routinely permitted in the form of pre-sentencing investigations and in other ways." *State v. Berry*, 168 S.W.3d 527, 539 (Mo. App.2005).

■ Moreover, even were hearsay inadmissible at sentencing, the court here properly applied the business records exception. Business records are competent evidence when the custodian testifies (1) as to their identity and mode of preparation, (2) that they were kept in the regular course of business, and (3) that they were made at or near the time of the event. § 490.680 RSMo. Here, Sgt. Tillott testified that: he was one of the people responsible for maintaining incident reports, the reports are maintained in the regular course of business, and the reports are written contemporaneous with the events described therein. Contrary to Defendant's assertion, the fact that the reports were written by other officers does not create a second layer of hearsay; rather, it characterizes *the* primary hearsay evidence rendered competent by the business records exception. If those officers could

have testified as to the content of their reports themselves, then that content is admissible through Sgt. Tillott as custodian of the record, as was the case here. See *State v. Kreutzer*, 928 S.W.2d 854, 868 (Mo. banc 1996) (stating this principle in the negative: "If the content of the record could not have been testified to by the reporter had he been offered as a witness present in court, then that content will not be admitted into evidence as part of a business record.").

Finally, even had the court misapplied the hearsay exception and received inadmissible evidence, in a court-tried case, a judge is presumed to be able to disregard improper material and arrive at a fair result. *State v. Mullins*, 140 S.W.3d 64, 72 (Mo.App.2004).

Defendant's appeal is dismissed.

SHERRI B. SULLIVAN and GLENN A. NORTON, JJ., concur.